Slover v. Union Bank.

SLOVER *v.* .UNION BANK.

*(Knoxville.   September Term, 1905.)*

1.  **USURY.  When statute of limitations begins to run.**
    When there is a series of usurious transactions between parties,
    the statute of limitations does not begin to run against a claim
    for usury until the transactions are closed.

2.  **STATUTES.  May change, but cannot destroy, remedy.**
    A statute may be lawfully enacted that will alter an existing
    remedy, but the legislature has no power to cut off all remedy
    upon an existing cause of action, or bar the suit without giv-
    ing a reasonable time to prosecute.

3.  **SAME.  Act limiting suit for usury to two years construed.**
    Chapter 439, Acts 1903, provides that "no action shall be brought
    on any claim for usury after two years from the date of the
    payment of the debt upon which such claim for usury shall
    be based; provided, this act shall not affect any litigation now
    pending."
    *Held*:

       (1) The provision in the act that it shall not affect any
    litigation now pending, is entirely nugatory, since the legis-
    lature could not interfere with the rights of the claimant
    after suit commenced.

       (2) The act will be given a prospective, and not a
    retrospective, effect, and rights of action which had accrued
    before the passage of the act are not cut off or affected by
    its operation.

Act cited and construed:   1903, ch. 439.

FROM ANDERSON.

Appeal from Chancery Court, Anderson County.—
HUGH G. KYLE, Chancellor.

D. K. YOUNG and C. J. SAWYER, for Bank.

J. H. WALLACE and CORNICK, WRIGHT & FRANTZ, for
Slover.

MR. JUSTICE WILKES delivered the opinion of the
Court.

This cause is before us upon a decree of the chancellor
overruling a demurrer and granting an appeal to the
defendant.

The bill was filed to collect usury upon a series of
transactions on the 20th of March 1905. It charges that
the last usurious interest was paid on the 1st of March,
1901, and that there was a final settlement between the
parties on the 4th of March, 1902, of all the transactions
between them involving the usury.

There was a demurrer filed, relying upon the statute
of two years and the statute of six years; and it is in-
sisted in this court that the demurrer should have been
sustained on the ground that the action was barred by
the statute of two years.

There being a series of usurious transactions, the statute of limitations would not begin to run until these transactions were closed; and a settlement was made between the parties on the 4th of March, 1902. On the 15th of April, 1903, the legislature of Tennessee passed an act in the following words, to wit:

"No action shall be brought on any claim for usury after two years from the date of the payment of the debt upon which such claim for usury shall be based; provided this act shall not affect any litigation now pending." Shannon's Code Supp., p. 692.

It is insisted that under this statute all rights of action for usury paid, which had accrued more than two years before the passage of the act and upon which no suit had been brought at the time the act was passed, were barred and that the expresssion of reservation used in the statute "Provided this act, shall not affect any litigation now pending," was intended to preserve all rights of action upon which suit had been brought before the act was passed, but none other, and that all other rights of action which had accrued more than two years before April 15, 1903, should be cut off at once, and extinguished. In other words, if the right of action had accrued under the previously existing laws on the 15th day of April, 1901, it should be at once summarily cut off and extinguished; and in this connection it is said that the statute of limitations is not a vested right, but is a remedy, and that the legislature has the right to change and limit such remedy as it might see proper.

It is said by Mr. Bishop, in his work on Written Laws, p. 73:

"The legislature can, at its pleasure, change a remedy, but not to the denial of all remedy, or even to such a reduction of it as would leave any essential part of the right practically unavailable."

Cooley, in his work on Constitutional Law, p. 340, says:

"A statute of limitation takes away no right of property. Such a statute prescribes a reasonable time within which a party claiming legal rights, which another withholds, shall commence legal proceedings for their enforcement; but all limitation acts must allow to claimants a reasonable opportunity to assert their rights in court, and one entirely and manifestly unreasonable in the time it gives is void."

In Am. & Eng. Ency. Law (2d Ed.), p. 952, it is said:

"The legislature has no power, however, to cut off the remedy or bar the suit upon an existing cause of action *instanter*, or without giving a reasonable time to prosecute."

In order to sustain the validity and constitutionality of this act, we are compelled to give it a prospective, instead of a retrospective, effect. In other words, if the right of action had accrued to any party before the passage of the act to recover for the usury paid, such right would not be affected afterward by the passage of the act, even though the suit had not been brought before its passage.

Slover v. Union Bank.

The provision in the act that it shall not affect any litigation now pending is entirely nugatory and of no effect, since the legislature could not interfere with the rights of the claimant after suit commenced.

Striking out this provision, therefore, we have an act which changes the statute from six years to two years, without mentioning rights of action which had already accrued.

We think, therefore, that the legislature must have meant to give the act a prospective, and not a retrospective, effect, and that rights of action which had accrued before the passage of the act were not cut off or affected by its operation, inasmuch as no time was given for the enforcement of such rights.

The chancellor was therefore correct in overruling the demurrer and requiring the case to proceed to trial upon its merits.

There are other grounds of demurrer which we think not well taken; but, as they are not pressed in this court, we do not consider them further.

The decree of the court below is affirmed, the cause is remanded for further proceedings, and the appellant will pay the costs of appeal.