**BRYSON, Admr. v AMERICAN TOOL WORKS CO.**

Common Pleas Court, Hamilton Co.

No. A-69762.  Decided June 26, 1940.

Ivan I. Perkins, Cincinnati, for plaintiff.

Malcolm McAvoy, Cincinnati, for defendant.

## OPINION

By BELL, J.

This cause was heard upon a demurrer to the plaintiff's petition. The action is one for causing wrongful death brought by virtue of §10509-166 GC. The petition, after alleging that defendant is an Ohio corporation complying with §1465-69 GC, (Workmen's Compensation Law), that plaintiff is the duly appointed, qualified and acting administrator of the estate of William Bryson, deceased, and naming the children of deceased, for whose benefit the action is brought, sets forth substantially these facts; that the decedent entered the employ of defendant about July 16, 1928, and left its employ about November 13, 1931; that decedent was employed during that period in the operation of a sandblasting machine

and also in the operation of cleaning and grinding castings; that during the course of his employment it was necessary for decedent to work in an atmosphere containing silica in amounts harmful to his health; that defendant knew of this condition which was unknown to the decedent; that because of the unsafe condition of said foundry the decednt contracted an occupational disease known as silicosis; that he first became ill some time during the year 1931, and upon the date last above mentioned he left the employ of defendant; that his condition became progressively worse, and that he died on January 17, 1938. having been entirely disabled from some time in the year 1935 to the date of his death; that his illness, disability and death were caused by said disease, which was due to the negligence of defendant; the specifications of negligence relied upon are set forth in the petition and the prayer is for twenty-five thousand ($25,000) dollars damages.

The demurrer is based upon two grounds:

1. That the action was not brought within the time limited for commencement of such actions.

2. That the petition does not state facts sufficient to constitute a cause of action.

Sec. 10509-167 reads:

"An action for wrongful death must be brought in the name of the personal representative of the deceased person, but shall be for the exclusive benefit of the surviving spouse, the children and other next of kin of the decedent. The jury may give such damages as it may think proportioned to the pecuniary injury resulting from such death, to the persons, respectively, for whose benefit the action was brought. **Except as otherwise provided by law, every such action must be commenced within two years after the death of such deceased person** * * *"

On March 29, 1939, the Supreme Court of Ohio considered and decided the **Triff case, (135 Oh St 191, 14 OO 48).** The syllabus reads as follows:

"1. At common law an employe has a right of action against his employer for damages from an occupational disease directly caused by the latter's negligence.

"2. The right of action of an employe for the negligence of his employer directly resulting in a non-compensable occupational disease has not been taken away by §35, **Art. II, of the Constitution of Ohio,** nor by §1465-70 GC.

"3. Likewise an action for wrongful death may be maintained by the personal representative of the deceased employe, who died from a non-compensable occupational disease proximately caused by the negligence of the employer."

Thereafter the legislature amended §1465-70 to read as follows: (118 O. L. 297, Cl. 1 effective May 26, 1939).

"Employers who comply with the provisions of * * * §1465-69 shall not be liable to respond in damages at common law or by statute, * * * for any injury, disease or bodily condition, whether such injury, disease or bodily condition is compensable under this act or not, or for any death resulting from such injury, disease or bodily condition, of any employe, wherever occurring, during the period covered by such premium so paid into the state insurance fund, or during the interval of time in which such employer is permitted to pay such compensation direct to his injured or the dependents of his killed employes as herein provided.

"No action against an employer, who has complied with the provisions of §1465-69, to recover damages at common law or by statute for any injury, disease or bodily condition, or death resulting from any injury, disease or bodily condition, of an employe arising out of his employment by such employer **shall be commenced after 180 days after the effective date of this act.**"

**586**

"Section 2. That existing §§1465-68a and 1465-70 GC be, and the same are hereby repealed.

"Section 3. This act is hereby declared to be an emergency measure necessary for the immediate preservation of the public peace, health and safety. The reason for such necessity lies in the fact that the law of this state relating to the rights and remedies of employers and employes has recently been so construed by the Supreme Court, as to disturb relations between employers and employes and to create a basis for litigation contrary to the Ohio workmen's compensation plan and it is necessary that the rights and remedies of all employers and employes shall be brought within the plan for workmen's compensation in order to allay doubts as to rights and remedies and preserve industrial peace and progress in this state. Therefore this act shall go into immediate effect."

The amendment was effective May 26, 1939.

This action was commenced on January 16, 1940, which was 234 days after the effective date of §1465-70 as amended.

By virtue of the provisions of the amendment the action was not commenced within the time limited by law, unless, as claimed by the plaintiff, §1465-70 as amended is unconstitutional and void.

The plaintiff claims that §1465-70 as amended violated Art. II, §§16 and 28 of the Constitution of Ohio.

Section 16, Art. II, so far as it is pertinent to the question here presented reads as follows:

"* * * No bill shall contain more than one subject, which shall be clearly expressed in its title. * * *"

This provision of the Constitution is merely directory and is never considered as mandatory unless it is ▆▆▆▆▆▆ essential to mark off the boundaries of legislative power. See Prim v Nicholson, 6 Oh St 176; 5 Oh St 25; 10 Oh St 623; State ex rel v Mulhern, 74 Oh St 363.

The amended statute gives rise to no question of legislative ▆▆▆▆▆▆ power, and is not in conflict with §16, Art. II, of the Constitution.

Section 28, Art. II, provides:

"The general assembly shall have no power to pass retroactive laws, or laws impairing the obligation of contracts. * * *."

The statute here under consideration applies to a remedy and remedial statutes may have retroactive effect when reasonable time has been ▆▆▆▆▆▆ provided for prosecution of causes of action then existing.

The cause of action (if there was a valid cause of action existing at the death of the decedent) was in existence on May 26, 1939, when this section was passed and the plaintiff was given 180 days from that date to ▆▆▆▆▆▆ commence his action, which was a reasonable time, and the act can not be condemned as being a forbidden retroactive law within the meaning of §28, Art. II of the Constitution.

Amended §1465-70 is an exception to the two year limitation fixed by §10509-167, and this action was ▆▆▆▆▆▆ barred after 180 days from May 26, 1939, by its provisions; therefore the action was not commenced within the time limited by law.

The demurrer is well taken upon the first ground, which makes unnecessary any consideration of the second ground set forth in the demurrer.

Demurrer sustained upon the first ground.