**Mabel R. BRADLEY**

v.

**James J. LaPENNA.**

Supreme Court of Tennessee.

Feb. 5, 1973.

James C. McBroom, Terry E. McNabb, Nashville, for appellant.

C. Allen High, Nashville, for appellee.

OPINION

McCANLESS, Justice.

Mabel R. Bradley perfected her appeal in the nature of a writ of error from the judgment of the Circuit Court dismissing her suit against James J. LaPenna, that court adjudging that under the averments of the complaint the plaintiff's action had become barred by the statute of limitations of one year, Section 28–304, T.C.A. The appeal was to the Court of Appeals who transferred it to this Court. The cause is before us on the technical record.

On December 30, 1971, the plaintiff, Mabel R. Bradley, filed her suit for malpractice against James J. LaPenna, a former attorney. By her complaint she averred that on July 10, 1965, she had contracted with the defendant, then a practicing attorney, to institute on her behalf a suit growing out of an automobile collision that had occurred on or about July 9, 1965. She charged that he had not filed her damage suit within the period of one year provided by statute, filing it on September 12, 1966, and that her suit on that account had been

dismissed and had not been reinstated. She further averred that she had learned these facts on August 11, 1970. She filed this suit on December 30, 1971.

The plaintiff, as appellant, has assigned as errors the action of the Circuit Court in applying to her suit the statute of limitations of one year, insisting that by her complaint she averred an action on a contract which she had entered into with the defendant before the effective date of the 1967 amendment to Section 28–304, T.C.A. She insists that the statute of six years and not the statute of one year is applicable to her suit.

When the appellant employed the appellee to represent her, she entered into a contractual relationship with him and any violation of the duties he assumed in the performance of his contractual duties might have been subject to the limitation of six years under the law as it then stood and as it had been construed in its relation to malpractice suits in Bodne v. Austin, 156 Tenn. 353, 2 S.W.2d 100 [1928]; Bland v. Smith, 197 Tenn. 683, 277 S.W.2d 377 [1955]; and Hillhouse v. McDowell, 219 Tenn. 362, 410 S.W.2d 162 [1966].

By Chapter 283 of the Public Acts of 1967, which became effective on May 24, 1967, the General Assembly amended Section 28–304, T.C.A., so as to provide that:

" . . . suits against attorneys for malpractice whether said actions are grounded or based in contract or tort . . . shall be commenced within one (1) year after cause of action accrued."

It results that since May 24, 1967, the effective date of Chapter 283 of the Public Acts of that year, all malpractice suits against attorneys are subject to the limitation of one year provided by Section 28–304, T.C.A.

The issue presented to us for our determination, and the issue determinative of this suit, is whether the appellant may rely on the law as it existed when she entered into her contract of employment with the appellee, or whether her suit must be dismissed because of the application of the 1967 amendment.

In 51 American Jurisprudence 2d, Limitation of Actions, § 38, page 620, it is said:

"Unless forbidden by the state constitution, a state legislature may constitutionally shorten the periods of limitation fixed by previously existing statutes. Moreover, such a change shortening the limitation period can validly be made applicable to existing causes of action, subject to the important qualification that there must be a reasonable time permitted for a party who has an existing cause of action to avail himself of his remedy before the bar of the statute as thus changed becomes effective. There is no vested right in the statute of limitations in force when a cause of action accrues, and the period allowed for suit may be shortened provided a reasonable time is permitted to bring the action. It follows, manifestly, that an existing right of action cannot be taken away by legislation shortening the period of limitation to a time that has already run."

This rule is affirmed in Healey v. Walbrook Park Co., 120 N.J.Eq. 593, 184 A. 518 [1936]; Kelch v. Keehn, 183 Md. 140, 36 A.2d 544 [1944]; National Tailoring Co. v. Scott, 65 Wyo. 64, 196 P.2d 387 [1948]; Duffy v. Hartsock, 187 Va. 406, 46 S.E.2d 570 [1948]; and in O'Donoghue v. State, 66 Wash.2d 787, 405 P.2d 258 [1965]. See 53 C.J.S. Limitation of Actions § 4c, p. 915.

We conclude that the period of limitation of one year prescribed by Section 28–304, T.C.A., as amended by Chapter 283 of the Public Acts of 1967, effective May 24, 1967, is applicable to the appellant's suit. We overrule appellant's assignments of error and dismiss her suit.

DYER, C. J., CHATTIN and HUMPHREYS, JJ., and WILSON, Special Justice, concur.