James T. ARNOLD, III, Appellant,

v.

Rickey H. DAVIS et al., Appellees.

Supreme Court of Tennessee.

Dec. 3, 1973.

Robert L. Ogle, Jr., Sevierville, Frank N. Bratton, Athens, for appellant.

Higgins & Biddle, Athens, for appellees.

## OPINION

FONES, Justice.

James T. Arnold, III, was injured on January 16, 1970, while riding as a guest passenger in an automobile owned by William E. Davis and being driven by Rickey H. Davis. Arnold will be referred to as plaintiff and the Davises as defendants.

Plaintiff attained his 19th birthday on December 19, 1969, and was a minor on the date of the accident, 28 days after said birthday. By virtue of the Public Acts of 1971, Chapter 162, Sec. 4, he attained his majority, along with many other minors, on May 11, 1971, the effective date of said Act.

Plaintiff filed suit against defendants in the Circuit Court for McMinn County, on December 7, 1972. The trial court sustained defendants' motion for summary judgment, based on the one-year statute of limitations for personal injuries and dismissed the suit. Plaintiff perfected a direct appeal to this Court and takes the position that the statute did not run until December 19, 1972, his 22nd birthday.

Plaintiff's assignment of error is as follows:

"(1) The Court erred in sustaining the Motion for Summary Judgment filed by Appellees and dismissing the action of Appellant because (a) at the time of said accident on January 16, 1970, out · of which the injuries sued for in the Complaint arose, the Appellant, James T. Arnold, III, was nineteen (19) years and twenty-seven (27) days of age and the Statutes in effect at that time provided that he had one (1) year from the time that he attained his twenty-first (21st) birthday on December 19, 1971, or until December 19, 1972, within which to file an action for damages, as provided by Section 28–107 of Tennessee Code Annotated and consequently the amendment to that Statute, on May 11, 1971, did not have the effect of removing his minority, he having attained his eighteenth (18th) birthday on December 19, 1968, one (1) year and twenty-seven (27) days before he was injured so that the Statute would have to apply retroactively in violation of Section 17, Article 1, of the Constitution of the State of Tennessee, (b) the enactment of Section 4 of Chapter 162 by the General Assembly on May 11, 1971, clearly cut off an existing right of the Appellant to file his action without a saving clause in violation of Section 17, Article 1, of the Constitution of the State of Tennessee, and (c) the trial court had no right to legislate by reading into the said Statutes, Sections 1–313, 28–107 and 28–304, a one (1) year grace or savings period, violative of Section 2, Article 2, of the Constitution of the State of Tennessee, for the filing of actions by persons who had not attained their majorities on May 11, 1971, when the amendment to the Statutes was enacted by the Legislature and because the amendment of May 11, 1971, should have applied prospectively instead of retroactively so as not to cut off the rights of persons who were more than eighteen (18) years of age on the date of its passage."

We understand the thrust of plaintiff's contentions to be that, since he was more than 18 and less than 21 years of age on May 11, 1971, his minority was not re-

moved by the Legal Responsibility Act of 1971. Plaintiff elects to construe the Act as removing his disability, not on May 11, 1971, but on plaintiff's 18th birthday, December 19, 1968. Having assumed that construction, it is said that the Act is unconstitutional, in violation of Article I, Section 17.

Public Acts of 1971, Chapter 162, reads as follows:

"*Be It Enacted By The General Assembly Of The State Of Tennessee:*

*Section 1.* This Act shall be known as and may be cited as the 'Legal Responsibility Act of 1971'.

*Section 2.* Tennessee Code Annotated, Sections 23–1201, 28–107, 39–1003, 39–3706, and 57–123 is amended by deleting the word and number 'twenty-one (21)' wherever they appear in the sections and by substituting in lieu thereof the following word and number:

'eighteen (18)'

*Section 3.* Notwithstanding any laws to the contrary, any person who is eighteen (18) years of age or older shall have the same rights, duties and responsibilities as a person who is twenty-one (21) years of age or older.

*Section 4.* This Act shall take effect on becoming a law, the public welfare requiring it."

Section 3 of the Legal Responsibility Act is codified as T.C.A. § 1–313. T.C.A. § 28–107, as amended by Section 2 of the Legal Responsibility Act, reads as follows:

"*Persons under disability on accrual of right.*—If the person entitled to commence an action is, at the time the cause of action accrued, either (1) within the age of eighteen (18) years, or (2) of unsound mind, such person, or his representatives and privies, as the case may be, may commence the action, after the removal of such disability, within the time of limitation for the particular cause of action, unless it exceed three (3) years, and in that case within three (3) years from the removal of such disability."

We construe the Legal Responsibility Act of 1971 as removing the disabilities of minority of all persons 18 to 21 years of age on May 11, 1971, as of May 11, 1971, and from and after that date all persons reached their majority at age 18. This construction involves no retrospective application. The Act plainly says any person who is 18 years of age or older is emancipated on its effective date. Thus, the premise upon which plaintiff predicates his attack of unconstitutionality, to wit: that his disability of minority was retroactively removed on his 18th birthday, simply does not exist.

The legislative purpose involved in T.C.A. § 28–107 is to declare that statutes of limitation do not begin to run until a person's disability is removed. While not a saving clause in the respect that plaintiff uses the phrase, T.C.A. § 28–107 performs the function of granting to minors who were emancipated on May 11, 1971, the period of limitation applicable to any cause of action then accrued, up to three years.

Plaintiff ignores the existence of this statute in making the argument that the trial court legislated a saving clause, where none exists, by holding that plaintiff had one year after May 11, 1971 within which to commence his action. The Legal Responsibility Act is not a statute of limitation, although its effect shortens the period within which minors, in the position of plaintiff, could commence actions. As plaintiff concedes, no person has a vested interest in a statute of limitations in force at the time his cause of action accrues. See Bradley v. LaPenna, Tenn., 490 S.W. 2d 500 (1973). Parenthetically, no person had a vested interest in remaining a minor until age 21, which is the position plaintiff seeks to sustain. As this Court held in *Bradley,* supra, the period allowed for suit

may be shortened, provided a reasonable time is permitted to bring the action. Plaintiff had the full year following May 11, 1971, as provided in T.C.A. § 28–304, within which to bring his personal injury action resulting from the accident on January 16, 1970.

The judgment of the trial court dismissing the plaintiff's suit is affirmed. The costs are adjudged against the plaintiff.

DYER, C. J., McCANLESS, J., and JENKINS and LEECH, Special Justices, concur.