**Sylvia REDMON, Appellant,**

v.

**George LeFEVRE, Appellee.**

Supreme Court of Tennessee.

Dec. 3, 1973.

Ward DeWitt, Jr., Trabue, Minick, Sturdivant & Hardison, Nashville, for appellant.

W. E. Herod, Manier, Crouch, White & Herod, Nashville, for appellee.

OPINION

DYER, Chief Justice.

This case presents the issue of whether our recent decision in Bradley v. LaPenna, Tenn., 490 S.W.2d 500 (1973), was in error in that by oversight we overlooked the

holding in Slover v. Union Bank, 115 Tenn. 347, 89 S.W. 399 (1905).

The complaint alleged on June 1, 1964, appellant, Sylvia Redmon, was involved in an automobile accident in the State of Georgia, and later that summer employed appellee, George LeFevre, as an attorney to represent her in an action for damages arising out of this accident. That appellee agreed to represent appellant in this matter, but negligently permitted her cause of action to become barred by the Georgia statute of limitations of two years applicable to such actions. On May 26, 1972, appellant filed the case, sub judice, as a malpractice action seeking damages against appellee, alleging absent the negligence of appellee she would have secured a judgment against the original tort-feasor.

Appellee plead the affirmative defense of the statute of limitations, alleging the action was barred under T.C.A. § 28–304, as amended by Chapter 283, Public Acts of 1967.

Upon motion under § 12.03, Rules of Civil Procedure, a judgment was entered on the pleadings dismissing the cause.

By Chapter 283, Public Acts of 1967, effective May 24, 1967, T.C.A. § 28–304 was amended to bar malpractice actions against attorneys one year after the cause of action accrued. Prior to the enactment of Chapter 283, such actions were treated as actions upon contract and subject to the six-year statute of limitations contained in T.C.A. § 28–309. Hillhouse v. McDowell, 219 Tenn. 362, 410 S.W.2d 162 (1966).

In Bradley v. LaPenna, *supra,* we held malpractice actions against attorneys that had accrued prior to the enactment of Chapter 283 were subject to the limitation period of Chapter 283. The effect of this holding as to actions already accrued on May 24, 1967, was to allow one year from May 24, 1967, during which time such actions could be filed.

Appellant's action accrued on June 1, 1964, and under authority of the *Bradley* opinion could have been filed at any time within one year from May 24, 1967, and not having been filed within that time under authority of the *Bradley* opinion the trial judge was correct in dismissing the cause.

The issue now raised is upon the following premise: First, inasmuch as a statute of limitations is not a vested right, but a remedy, it is admitted the Legislature can, as it did by Chapter 283, shorten the period of the statute of limitations fixed by a previously existing statute. Secondly, that such a statute can be made applicable to existing causes of action provided the statute (Chapter 283) contains within itself a provision allowing a reasonable time for one having an existing cause of action to avail himself of his remedy before the bar of the statute as changed becomes effective. Thirdly, the Legislature by such statute (Chapter 283) having failed to provide a reasonable time for one having an existing cause of action to file same, then the courts have no authority to supply such time.

Upon this premise it is argued since Chapter 283 does not of itself contain a provision allowing a reasonable time for one having an existing cause of action to file such, then in order that the statute (Chapter 283) be held valid it would have to be construed as applying only to causes of action arising after its effective date. In support of this Slover v. Union Bank, *supra,* is cited.

Slover v. Union Bank, *supra,* involved the construction of a statute enacted April 15, 1903, shortening the statute of limitations in usury cases from six to two years. In this case the statute began to run on March 4, 1902, and the case was filed on March 20, 1905.

In *Slover* the issue was whether under the 1903 statute the action was barred by the two-year statute of limitations. As we read the opinion the argument was that the time period of two years was to be computed from March 4, 1902, the day the

cause of action accrued. The effect of this argument was to summarily cut off all actions that had accrued more than two years prior to the passage of the 1903 statute, which would be contrary to almost unanimous authority. This argument may have been supported wholly or in part by a provision of the statute reading "provided this Act shall not affect any litigation now pending," but if so supported it had no part in the decision as the Court found this provision of the statute entirely nugatory.

The Court under this argument held in order to sustain the validity of the Act of 1903, such was the intention of the Legislature that the Act be given prospective and not retrospective effect.

We agree there is language in this opinion to support an argument the failure of the·Legislature to specifically provide a reasonable time in statutes shortening a statute of limitations for filing of such actions already accrued requires the courts to find the statute applies only prospectively.

An amendatory act incorporates itself into the amended act and the two become one statute. State v. Oliver, 162 Tenn. 100, 35 S.W.2d 396 (1931); Armstrong v. City of South Fulton, 169 Tenn. 54, 82 S. W.2d 862 (1935). T.C.A. § 28–304 as amended by Chapter 283, Public Acts of 1967, insofar as pertinent to the case sub judice, would read as follows:

Actions for libel, for injuries to the person, false imprisonment, malicious prosecution, criminal conversation, seduction, breach of marriage promise, actions and suits against attorneys for malpractice whether said actions are grounded or based in contract or tort, civil actions for compensatory or punitive damages, or both, brought under the federal civil rights statutes, and statutory penalties shall be commenced within one (1) year after cause of action accrued. * * *

■ An amended act is ordinarily to be construed as if the original statute had been repealed and a new and independent act in the amended form had been adopted in its stead. 82 C.J.S. Statutes § 384b.

■ Construing this amended statute as one, we think it was the legislative intent the amendment be applied to existing causes of action, the Legislature having provided a year from the effective date of the amended Act for the filing of such actions.

82 C.J.S. Statutes § 416, states the general rule on construction of remedial statutes as follows:

The general rule that statutes are to be construed as prospective only, unless the language employed conclusively negatives that construction, applies to remedial statutes, and such statutes will not be given retrospective or retroactive effect if to do so would impair or destroy contracts, disturb vested rights, or create new obligations. However, as to such statutes the rule is not so insistent, and does not automatically apply, and remedial or procedural statutes which do not create, enlarge, diminish, or destroy contractual or vested rights but relate only to remedies or modes of procedure are not within the general rule against retrospective operation, but are generally held to operate retrospectively.

Construing T.C.A. § 28–304, as amended by Chapter 283, Public Acts of 1967, to apply retrospectively did not in Bradley v. LaPenna, *supra,* nor will not in the case sub judice, create, enlarge, diminish or destroy any contractual or vested rights nor in any manner inhibit the parties from bringing their actions within a reasonable time. In each of these cases under the *Bradley* holding the parties had almost two years in which to file their actions.

The judgment is affirmed.

CHATTIN, HUMPHREYS, McCANLESS and FONES, JJ., concur.