DICKERSON, APPELLANT, v. FERRELL ET AL., APPELLEES.

(Two cases.)

[Cite as Dickerson v. Ferrell (1976), 53 Ohio App. 2d 160.]

(Nos. CA-1574 and CA-1588—Decided October 19, 1976.)

*Messrs. Inscore, Rinehardt & Whitney* and *Mr. Lee W. McClelland*, for appellant.

*Messrs. Kennedy, Purdy, Wead & Hoeffel*, for appellees.

PUTMAN, J. These appeals raise the sole question of whether a minor injured in an accident prior to January 1, 1974, who reached the age of 18 years prior to January 1, 1974, must file a personal injury action two years after January 1, 1974, or may wait until two years have expired after his twenty-first birthday.

Appellant claims the latter is true because R. C. 3109.-01, effective January 1, 1974, contained no retrospective operation clause as set forth in R. C. 1.48.

We disagree and affirm the judgment of the trial court.

The sole assigned error is that the judgment is contrary to law. The relevant dates and ages are:

February 6, 1971—Plaintiff was 18 years of age.

February 6, 1973—Plaintiff was 20 years old.

January 1, 1974—Effective date of amendment to R. C. 3109.01 and plaintiff was 20 years, 10 months old.

February 6, 1974—Plaintiff was 21 years old.

February 5, 1976—Complaint filed and plaintiff was 22 years, 11 months old.

February 6, 1976—Plaintiff becomes 23 years of age.

Prior to the enactment of its amendment January 1, 1974, R. C. 3109.01, as applicable to the instant case, gave a minor two years after reaching the age of 21 within which to file a cause of action for personal injury.

R. C. 2305.10 provides:

"An action for bodily injury or injuring personal property shall be brought within two years after the cause thereof arose."

Plaintiff was a minor at the time his cause of action arose and was therefore under a disability.

R. C. 2305.16 states:

"Unless otherwise specifically provided in sections 2305.04 to 2305.14, inclusive, and sections 1302.98 and 1304.-29 of the Revised Code, if a person entitled to bring any action mentioned in such sections, unless for penalty or forfeiture, is, at the time the cause of action accrues, within the age of minority, of unsound mind, or imprisoned, such person may bring it within the respective times limited by such sections, after such disability is removed. * * *"

R. C. 3109.01, age of majority, in effect at the time the cause of action arose, provided:

"All persons of the age of twenty-one years or more, who are under no legal disability, are capable of contracting and are of full age for all purposes."

By amendment, effective January 1, 1974, twenty-one was changed to eighteen.

Two statutes which were in effect on the date of the amendment to R. C. 3109.01 are cited by appellant. R. C. 1.48 states in full:

"A statute is presumed to be prospective in its operation unless expressly made retrospective."

R. C. 1.58, in pertinent part, provides:

"(A) The reenactment, amendment, or repeal of a statute does not * * *

"(1) Affect the prior operation of the statute or any prior action taken thereunder * * *."

Appellant argues that because the amendment is silent on retrospective application and therefore presumed to be prospective, it should follow that he has two years after he reaches age 21, which is longer than two years after the disability is removed. We disagree. The appellant is entitled to prospective application, to be certain, but that requirement is fulfilled when two years elapse after his disability is removed.

It appears to this court that the appellant has failed to differentiate between substantive law and remedial law when he claims that R. C. 1.48 and 1.58 answer this issue.

In the case of *Gregory* v. *Flowers* (1972), 32 Ohio St. 2d 48, at 53, the Supreme Court quoted *Smith* v. *New York Central Rd. Co.* (1930), 122 Ohio St. 45, as follows:

"Except where constitutional provisions expressly forbid, the Legislature has power to make, amend, and repeal laws relating to the remedy, and make the same applicable, not only to existing causes of actions, in which suits have not been instituted, but even in pending suits. Section 28 of Article II of the Ohio Constitution denies to the General Assembly the power to pass retroactive laws. *It has, however, been decided in numerous cases that retroactive laws refer to those* which create and define substantive rights, and *which either give rise to, or take away, the right to sue or to defend actions at law.* It has been further declared at numerous times that a statute which is remedial in its operation on rights, obligations, duties, and interests already existing is not within the mischiefs against which that clause of the Constitution was intended to safeguard, and the remedial statutes do not even come within a just construction of its terms. * * * Under these well-settled rules of interpretation, there is no constitutional inhibition in the state of Ohio against the enactment of laws relating to the remedy and against making them applicable to pending actions and existing causes of action. This gives rise to the further question whether a cause of action existing at the time of the amendment of a remedial statute is a vested right. *If it is such vested right, it could not, in any event, be taken away altogether.* On the theory that a right to sue once existing becomes a vested right, and

cannot be taken away altogether, it does not conclusively follow that the time within which the right may be asserted and maintained may not be limited to a shorter period than that which prevailed at the time the right arose, *provided such limitation still leaves the claimant a reasonable time within which to enforce the right. * * *"* (Emphasis added.)

The appellant has cited, in his brief, the case of *Nokes* v. *Nokes* (1976), 47 Ohio St. 2d 1. We find this case to be inapplicable to the case at bar. *Nokes* involved a divorce decree dated August 9, 1972, and such decree provided that the father should pay certain sums for the support of his "minor children." The sole issue in that case was whether by the amendment of R. C. 3109.01, effective January 1, 1974, the father could discontinue support for his children when they became 18 years of age, rather than at the age of 21 years, as provided by the court decree and the statute in effect on the date of the decree. The Supreme Court in that case noted that a court retains continuing jurisdiction over child support orders contained in divorce decrees and is empowered to modify such orders as to future installments throughout the duration of the order. The court then specifically pointed out that a change in the age or majority should have no effect on extant decretal support obligations. In other words, that which the court has given the wife shall not be taken away by the amendment of the statute reducing the age of majority.

In *Nokes, supra,* at page 8, the Court said:

"Even though R. C. 3109.01 does not contain a savings clause, we find that the provision of R. C. 3105.10(B) that '(a) separation agreement providing for the support of children eighteen years of age or older is enforceable by the Court of Common Pleas * * *' is sufficient to indicate a legislative intent that the general savings clause, R. C. 1.58, be applied to situations as herein presented."

In the *Nokes* case, the trial court, on August 9, 1972, granted to the wife certain substantive and vested rights for the support of the children. The legislature could not by the amendment of R. C. 3109.01 apply such retrospectively and deprive her of her substantive and vested rights.

Coming now to the case at bar, the substantive and

vested right of the appellant to bring his action was in no way destroyed by the amendment of R. C. 3109.01, which made him an adult as of January 1, 1974. He still had two years to file his complaint after January 1, 1974, the same as any other adult person. As stated in *Gregory, supra*, even if appellant's right to sue had vested, it does not follow that the time within which the right may be asserted and maintained may not be limited to a shorter period than that which prevailed at the time the right arose, provided such limitation still leaves the party a reasonable time within which to enforce the right. Notwithstanding that at the time of appellant's accident he was a minor, and under the law existing at that time he could bring his action at any time within 2 years after he became 21 years of age, when the legislature enacted R. C. 3109.01, effective January 1, 1974, appellant became an adult and his disability was removed. We hold that he was required to file his action within 2 years thereafter or his claim is barred under R. C. 2305.16 and 2305.10.

After appellant became an adult, by operation of the amended statute, he was charged with the same responsibilities and duties to file his action within a 2 year period of time, the same as any other adult. In this sense, we do consider R. C. 3109.01 to have been applied retroactively by the trial court.

Appellees are not claiming that the 2 year statute of limitation commenced to run when appellant became 18 years of age so as to bar him at age twenty. By such amendment and by the application of R. C. 2305.16 and 2305.10 appellant still had 2 years to file his action after January 1, 1974. This he did not do and his action is barred.

For the foregoing reasons, both assigned errors are overruled, and the judgment of the Court of Common Pleas of Richland County is affirmed.

*Judgment affirmed.*

Dowd and Turpin, JJ., concur.

Turpin, J., of the Court of Common Pleas of Stark County, sitting by designation in the Fifth Appellate District.