LEDWELL ET AL. v. THE MAY COMPANY ET AL.

(No. 77-965780—Decided September 15, 1977.)

Court of Common Pleas of Cuyahoga County.

*Mr. Phillip A. Barragate* and *Mr. Robert P. DeMarco*, for plaintiffs.
*Mr. Neil K. Evans*, for defendants.

CARNEY, J. In this action plaintiff, Henry Ledwell, Jr., seeks to recover money damages for personal injuries which he allegedly sustained on June 12, 1973, when he

was shot by defendant Louis R. Reda, while Reda was acting as a security guard for defendant The May Company. Ledwell's father seeks to recover money damages for medical expenses which he allegedly incurred as a consequence of Ledwell's personal injuries and for loss of services.

Defendants have moved that this court enter a summary judgment in their favor with respect to Ledwell's claim based on the applicable statute of limitations and to dismiss the claim of Ledwell's father for failure to join an indispensable party.

Defendants assert, and the evidence is undisputed, that Ledwell was born on December 15, 1954, and that he was more than 18 years old at the time he sustained his alleged injuries. Defendants point out that the Ohio General Assembly reduced the age of majority from 21 to 18, effective January 1, 1974 (135 Ohio Laws 7), and that Ledwell filed his action on January 31, 1977, which was more than three-and-one-half years after the shooting occurred, more than two years after his disability was removed by the Ohio General Assembly but less than two years after he reached the old age of majority, 21. Defendants argue that Ledwell's action is barred by the statute of limitations because he failed to bring such action within two years of the effective date of the amendment lowering the age of majority to 18.

The issue presented by defendants' motion is whether the statutory amendment lowering the age of majority from 21 years to 18 applies prospectively from its effective date to remove the disability of minority of all persons who are 18 to 21 years of age on such effective date. This issue has not been previously considered by the Ohio Supreme Court or any court of the Eighth Judicial District. Similar facts and the identical issue have been addressed, however, in decisions from other states and three Ohio appellate court decisions: *Feest* v. *Allis Chalmers Corp.* (1975), 68 Wis. 2d 760, 229 N. W. 2d 651; *Arnold* v. *Davis* (Tenn. 1973), 503 S. W. 2d 100; *Atwell* v. *Playland Rye Com'n., Westchester Cty.* (Sup. Ct. 1975), 86 Misc. 2d 13, 380 N. Y. S. 2d 845; *Fisk* v. *Shunick* (1976), 37 Ill. App. 3d 81, 345 N. E. 2d 194; *Sivey* v. *Orsborn*, case No. 76-CA 27 (Ohio Ct. App. 5th Dist., Feb. 22, 1977), *motion to certify overruled*, Ohio

Sup. Ct. case No. 77-437 (July 8, 1977); *Overton v. Riverside Hospital*, case No. L-76-147 (Ohio Ct. App. 6th Dist., Dec. 30, 1976), *motion to certify overruled*, Ohio Sup. Ct. case No. 77-237 (April 29, 1977); and *Dickerson v. Ferrell* (1976), 53 Ohio App. 2d 160. The unanimous holding of all these decisions is that persons between the ages of 18 and 21 are relieved of their minority disability as of the effective date of a statute lowering the age of majority to 18. Such persons have only the prescribed period of limitations governing their actions following the effective date of such amendment to initiate their actions.

Under Ohio law, an action for personal injuries must be commenced within two years after the injuries are sustained. R. C. 2305.10 provides:

"An action for bodily injury or injuring personal property shall be brought within two years after the cause thereof arose."

Ohio's tolling statute for minors, R. C. 2305.16, provides, in relevant part:

"[I]f a person entitled to bring any action * * * is, at the time the cause of action accrues, within the age of minority * * * such person may bring it within the respective times limited by * * * [Ohio's statutes of limitations], after such disability is removed."

By statutory amendment effective January 1, 1974, the age of majority in Ohio was reduced from 21 years to 18 years. 135 Ohio Laws 7.

Ledwell's action is governed by the two-year statute of limitations. Inasmuch as Ledwell was a minor at the time when he was allegedly injured, Ohio's tolling statute suspended the running of the two-year statute of limitations until his disability of minority was removed. Such minority was removed as of January 1, 1974, when the statutory amendment lowering the age of majority in Ohio from 21 years to 18 years became effective. Ledwell's claim is barred by the statute of limitations, therefore, because he failed to file his action within two years after such effective date.

The effect of the statutory amendment reducing the age of majority to 18 in shortening the period of limita-

tions governing the actions of minors does not violate Section 28, Article II of the Ohio Constitution, which provides that

"The General Assembly shall have no power to pass retroactive laws * * *."

It is a well-settled principle under Ohio law that such prohibition applies only to laws changing substantive not remedial rights, and that laws regulating the period of limitations of actions are remedial in nature. Smith v. New York Central Rd. Co. (1930), 122 Ohio St. 45, 170 N. E. 637; Peters v. McWilliams (1880), 36 Ohio St. 155; The Little Miami Railroad Co. v. Commissioners (1877), 31 Ohio St. 338; Matthews v. Raff (1933), 45 Ohio App. 242, 186 N. E. 887; Sivey v. Orsborn, supra; Overton v. Riverside Hospital, supra; and Dickerson v. Ferrell, supra.

There is no constitutionally protected vested interest which prohibits the modification of the period of limitations in which a person may bring an action after it has accrued; nor is there a constitutional right to remain a minor until age 21. Feest v. Allis Chalmers Corp., supra; Arnold v. Davis, supra; Overton v. Riverside Hospital, supra.

While a statutory amendment shortening the period of limitations in which an action must be brought cannot destroy the action, the time in which it must be brought may be shortened provided that a reasonable time is still left to commence the action. Smith v. N. Y. C. Rd. Co., supra; Matthews v. Raff, supra; Bryson v. American Tool Works Co. (C. P. 1940), 31 Ohio Law Abs. 584; Sivey v. Orsborn, supra; Overton v. Riverside Hospital, supra; and Dickerson v. Ferrell, supra. Ledwell had a reasonable time (two years) to bring his action after the removal of his disability of minority on January 1, 1974, and he failed to do so. His claim is now time barred. Plaintiffs' motion for summary judgment is well taken and granted.

Defendants' motion to dismiss the claim of Ledwell's father for money damages for medical expenses which he allegedly incurred as a consequence of Ledwell's alleged personal injuries and for loss of services is based on the failure to join an indispensable party to this action.

The evidence is undisputed that Ledwell's medical expenses were paid in full by the Ohio Department of Public Welfare. The department appears to have both statutory and common law rights of subrogation against defendants as a result of such payment and it may chose to assert such rights against these defendants. Accordingly, under Ohio Civ. R. 19(A), the department would appear to be a necessary party which has not been joined.

The department has a statutory right of subrogation against defendants pursuant to R. C. 5101.58, which provides:

"An application for aid to dependent children under Chapter 5107., poor relief under Chapter 5113., or medical assistance under section 5101.51 of the Revised Code, gives a right of subrogation to the department of public welfare and the department of welfare of any county for the liability of a third party for the cost of medical services and care arising out of injury, disease, or disability of an applicant for or recipient of medical assistance, to the extent of any payments made under Chapter 5107. or 5113. or section 5101.51 of the Revised Code for medical assistance. * * *"

Defendants are thus exposed to possible double liability for Ledwell's medical expenses because both the department and Ledwell's father have a right to bring an action against defendants to recover them.

The department may also have a common law right of subrogation to the rights of Ledwell's father against defendants for the medical expenses of Ledwell. Such right arises where payment is made of the debt of another by one who is under a liability or obligation to do so. 50 Ohio Jurisprudence 2d 385-86, *Subrogation*, Section 10 (1961). Pursuant to legislation creating the department and programs to aid needy persons ( R. C. Chapter 5101 *et seq.*), the department is obligated to render financial assistance to needy persons under prescribed circumstances. Upon paying Ledwell Jr.'s hospital bills, the department may have acquired a common law right of subrogation to the right of action available to Ledwell against persons allegedly liable for his injuries and hospital bills.

The doctrine of equitable subrogation was invoked by the Supreme Court of Ohio in a similar case in *Bureau of Support* v. *Kreitzer* (1968), 16 Ohio St. 2d 147, 243 N. E. 2d 83. The court stated in Paragraph three of its syllabus as follows:

"By discharging its qualified duty to advance support to a destitute patient in a mental institution under the jurisdiction of the Department of Mental Hygiene and Correction, the state of Ohio is entitled, under the equitable doctrine of subrogation, to seek reimbursement for the support advanced by pursuing whatever right of action might be available to the patient * * *."

Civ. R. 19(A) provides, in relevant part, that:

"A person who is subject to service of process shall be joined as a party in the action if * * * he has an interest relating to the subject of the action as an assignor, assignee, subrogor or subrogee."

The principle that subrogees should be joined in actions by subrogors against third persons was recognized in common law prior to the adoption of the Ohio Rules of Civil Procedure in 1970. *Hoosier Casualty Co.* v. *Davis* (1961), 172 Ohio St. 5, 173 N. E. 2d 349.

The department, as a subrogee of Ledwell's father's right of action against defendants, is an indispensable party. Plaintiff has failed to join the department even though it has been asserted in defense that the department paid Ledwell's medical expenses. The evidence further shows that plaintiff does not intend to join the department in this action but rather prefers to obtain a recovery herein and then consult with the department concerning a possible pay back to the department. While the normal remedy for failure to join an indispensable party is an order under Civ. R. 19 directing that the party be joined, the preference of plaintiff not to join the department at this time indicates that it is more appropriate for this court to dismiss Ledwell's father's claim, without prejudice, under Civ. R. 41(B)(1). Accordingly, defendants' motion to dismiss is granted without prejudice.

*Motion to dismiss granted.*