Frank McALLISTER and wife,
Barbara McAllister

v.

Karolyn J. MATLOCK and
Edward Matlock *.

Civ. No. 3–78–227.

United States District Court,
E. D. Tennessee, N. D.

Nov. 6, 1978.

F. Michael Fitzpatrick, Knoxville, Tenn., Collins, Wilson, Collins & Singleton, Covington, Va., for plaintiff.

John T. Johnson, Jr., Knoxville, for defendant.

* Dismissed.

## MEMORANDUM

ROBERT L. TAYLOR, District Judge.

Plaintiff and counter-defendant Frank McAllister has moved to dismiss the counterclaim in this action on the ground that the counterclaim was filed more than one year after the alleged personal injury was sustained and is thus barred by the applicable statute of limitation. Tenn.Code Ann. § 28–304. Plaintiff further argues that Tenn.Code Ann. § 28–116, which allows the filing of a counterclaim if the original action was timely filed, does not apply to this case because the accident occurred prior to the enactment of Section 28–116.

■ It is generally recognized that a state legislature has the authority to lengthen a particular statute of limitation and apply the new period to already accrued causes of action. "[A] Legislature may validly enlarge the period of limitation and make it applicable to existing causes of action, provided . . . that this does not revive a cause of action already barred." 51 Am.Jur.2d Limitation of Actions, § 40. See also 79 A.L.R.2d 1082–1086. The rationale for this rule is that a party has no vested right in the running of a statute of limitation unless the statute has completely run and barred the action. This analysis, if not this precise application, has been adopted in Tennessee:

> We further agree that there is no vested right in a statute of limitation unless and until the cause or action has accrued and expired. . . . [A]nd that until the statute has run, it is remedial in nature and applies to a cause of action existing prior to its enactment.

*Watts v. Putnam,* 525 S.W.2d 488, 492 (Tenn.1975) (citation omitted). Thus plaintiff may not claim that any vested right is infringed by the application of Section 28–116 to a viable counterclaim which had accrued prior to the enactment of the statute.

■ Aside from the question of the power of the legislature to provide for the

retroactive result, there is the question whether the legislature intended such a result. While a legislature may of course restrict an extended period of limitation to prospective application, the accepted rule of interpretation appears to be that in the absence of expressed legislative intent, a newly enacted statute of limitation will apply to causes of action already accrued but not barred. See 79 A.L.R.2d 1090–1113. This rule of interpretation has been adopted in Tennessee in the closely analogous context of reductions in a limitation period. See *Redmon v. LeFevre,* 503 S.W.2d 97, 99 (Tenn.1973); See also *Bradley v. LaPenna,* 490 S.W.2d 500 (Tenn.1973). The plaintiff has not demonstrated any indication by the legislature that Section 28–116 should be given prospective application only.

For the foregoing reasons, it is ORDERED that plaintiff's motion to dismiss the counterclaim be, and the same hereby is, denied.

Order accordingly.