**STATE of Tennessee, Appellee,**

v.

**Aundra ST. JOHN, Appellant.**

Court of Criminal Appeals of Tennessee.

Feb. 11, 1988.

Permission to Appeal Denied by Supreme Court May 31, 1988.

Thomas Watson, Nashville, for appellant.

W.J. Michael Cody, Atty. Gen., Kimberly Lynn Anne Hathaway, Asst. Atty. Gen., Mark Beveridge, Assistant Dist. Atty. Gen., Nashville, for appellee.

OPINION

JOHN D. TEMPLETON, Special Judge.

Aundra St. John was convicted of first degree murder and armed robbery and is serving the sentences imposed. His appellate remedies were exhausted July 19, 1982 when the Supreme Court denied permission to appeal. He filed his petition for post conviction relief August 26, 1986, charging

ineffective assistance of counsel. The judge dismissed the petition on the ground consideration of it was barred by the statute of limitations. Chapter 634, 1986 Acts of Assembly, effective July 1, 1986. The judge further denied a motion to treat the petition as one for the writ of habeas corpus. On appeal St. John submits that the statute is invalid. We conclude that under a proper construction of the statute the three year limitation period began July 1, 1986 and appellant's petition was timely filed. We reverse and remand for further proceedings.

Previously under our Post–Conviction Procedure Act the petitioner could apply for relief "at any time after he has exhausted his appellate remedies and before the sentence has expired or has been fully satisfied". T.C.A. § 40–30–102 (Supp. 1982). Chapter 634 of the 1986 Acts of Assembly provided:

> Section 1. ... A prisoner in custody under sentence of a court of this state must petition for post-conviction relief under this chapter within three (3) years of the date of the final action of the highest state appellate court to which an appeal is taken or consideration of such petition shall be barred.
>
> Section 2. This Act shall take effect on July 1, 1986 ... and shall apply to any petition filed on or after such date.

Section 1 of the Act has been codified as the new T.C.A. § 40–30–102 (Supp.1987).

Appellant's right to petition having accrued in 1982, a petition filed August 26, 1986 was filed more than three years after "final action of the highest state appellate court to which an appeal is taken". The statute contained no provisions for a period after the effective date within which appellant could assert the right he formerly had.

The general rule is that when a new limitation is made to apply to existing rights or causes of action, a reasonable time in which such rights may be asserted or suits brought must be allowed before the limitation takes effect. 51 Am.Jur.2d, Limitations of Actions, Sec. 31. But if the new statute does not provide for a reasonable time after the effective date within which to assert existing rights or bring suits, it may not be necessary to invalidate the law. The better construction is to apply the new limitation period to existing causes prospectively, unless that is unreasonable or prohibited by the language of the statute. *Stover v. Union Bank,* 115 Tenn. 347, 89 S.W. 399 (1905); *Redmon v. LaFevre,* 503 S.W.2d 97 (Tenn.1973).

We think the statute is valid. In our opinion the limitation period in the statute must be applied to appellant's right prospectively. The period began to run on the effective date of the law, July 1, 1986, and the petition was timely filed.

The judgment is reversed and the cause remanded for further proceedings on the petition.

DUNCAN, P.J., and JONES, J., concur.