The **AMERICAN NETWORK GROUP, INC. and Ang/Tennessee, Inc.,** Plaintiffs/Appellants,

v.

**Dennis M. KOSTYK,** Defendant/Appellee.

Court of Appeals of Tennessee, Middle Section, at Nashville.

Oct. 17, 1990.

Permission to Appeal Denied by Supreme Court Feb. 19, 1991.

Robert G. McDowell and Katherine A. Brown, Nashville, for plaintiffs/appellants.

Alfred H. Knight, Nashville, for defendant/third-party plaintiff.

John L. Chambers and William P. Sutherland, Nashville, for third-party defendants.

## OPINION

TODD, Presiding Judge.

As pertinent to this appeal, this is a suit against a former officer of a corporation for "statutory, contractual and fiduciary duties." Upon motion for judgment on the pleadings, the Trial Court dismissed plaintiffs' claims of "mismanagement" as time-barred by T.C.A. § 48–18–601, and denied leave to amend the complaint to include a count in contract.

By permission of the Trial Court and this Court, plaintiffs have pursued this interlocutory appeal. The three issues certified by the Trial Court are:

1. Applicability of the one year statute of limitations, T.C.A. § 48–18–601.

2. Effect of the "savings provision" of T.C.A. § 48–27–103.

3. Denial of leave to amend.

The complaint, filed on September 8, 1988, states that the alleged mismanagement occurred during the employment of defendant which terminated in December, 1985.

### Statutory History

T.C.A. § 48–18–601 is part of the Tennessee Business Corporation Act enacted by Public Chapter 887 of the 1986 General Assembly and approved by the Governor on April 19, 1986. However, by its terms the Act became effective on January 1, 1988.

Prior to January 1, 1988, the statute of limitations for actions against corporate officers for breach of duties was the six year limitation on actions for breach of contract. T.C.A. § 28–3–109.

Section 8.60 of the 1986 Corporation Act, effective January 1, 1988, as T.C.A. § 48–18–601, is as follows:

**Limitation of actions for breach of fiduciary duty.**—Any action alleging breach of fiduciary duties by directors or officers, including alleged violations of the standards established in § 48–18–301, § 48–18–302, or § 48–18–403, must be

brought within one (1) year from the date of such breach or violation; provided, however, that in the event the alleged breach or violation is not discovered nor reasonably should have been discovered within the one (1) year period, the period of limitation shall be one (1) year from the date such was discovered or reasonably should have been discovered. In no event shall any such action be brought more than three (3) years after the date on which the breach or violation occurred, except where there is fraudulent concealment on the part of the defendant, in which case the action shall be commenced within one (1) year after the alleged breach or violation is, or should have been, discovered.

It is the insistence of plaintiffs that Section 48–18–601, effective January 1, 1988, is not applicable to their right of action which accrued during or before December, 1985. Defendant insists that the section is applicable because its enactment and approval on April 19, 1986, gave ample notice to the public and opportunity to the plaintiffs to bring their action before the effective date of the new, shorter limitation period.

In *Slover v. Union Bank*, 115 Tenn. 347, 89 S.W. 399 (1905), it was held that the Legislature is without power to bar a suit upon an existing cause of action instanter without providing a reasonable time to prosecute, and that absent such a provision, it must be presumed that the Legislature intended only a constitutional, prospective application of the legislation.

To the same effect is *Redmon v. LeFevre*, Tenn.1973, 503 S.W.2d 97.

In *Alamo Development Corporation v. Thomas*, 186 Tenn. 631, 212 S.W.2d 606 (1948), the personal representative qualified on January 29, 1947, when the statutory time for filing claims was twelve months. Thereafter, in March, 1947, the Legislature shortened the time for filing to nine months. On January 15, 1987, within the twelve month period, but after the expiration of the new nine month period, a claim was filed. The Supreme Court applied the new filing limit prospectively and allowed the claim.

In *State v. St. John*, Tenn.Cr.App.1988, 751 S.W.2d 453, the defendant suffered a final judgment of conviction on July 19, 1982. On August 26, 1986, he filed a petition for post judgment relief. Prior to July 1, 1986, petitions for post conviction relief were allowed at any time prior to the expiration or satisfaction of the sentences. Chapter 634, 1986 Public Acts (T.C.A. § 40–30–102, 1987 Supplement), effective July 1, 1986, shortened the allowable period for post conviction relief to three years after final conviction in a state court. It provided that it would be applicable to any petition filed on or after July 1, 1986. As stated, the petition was filed on August 26, 1986. The Trial Court dismissed the petition as barred by the new statute, but the appellate court reversed and held:

> The general rule is that when a new limitation is made to apply to existing rights or causes of action, a reasonable time in which such rights may be asserted or suits brought must be allowed before the limitation takes effect. 51 Am. Jur.2d, Limitations of Actions, Sec. 31. But if the new statute does not provide for a reasonable time after the effective date within which to assert existing rights or bring suits, it may not be necessary to invalidate the law. The better construction is to apply the new limitation period to existing causes prospectively, unless that is unreasonable or prohibited by the language of the statute. *Stover v. Union Bank*, 115 Tenn. 347, 89 S.W. 399 (1905); *Redmon v. LaFevre*, 503 S.W.2d 97 (Tenn.1973).

> We think the statute is valid. In our opinion the limitation period in the statute must be applied to appellant's right prospectively. The period began to run on the effective date of the law, July 1, 1986, and the petition was timely filed.

*See also* 54 C.J.S. Limitations of Actions § 7, pp. 29, et seq.

As stated, plaintiffs rely upon the fact that the statute was "enacted" on April 19, 1986, some twenty months before its effective date on January 1, 1988.

Defendant cites authorities from other jurisdictions to the effect that the Legisla-

ture may constitutionally shorten a period of limitations by delaying the effective date of the legislation to afford reasonable opportunity to pursue pre-existing rights.

These authorities might be applicable if Section 48–18–601 had provided that it retroactively applied to all rights arising after its enactment, or that all actions arising after a particular date would be subject to the new limitation, but the act did not so provide.

The 1986 Business Corporation Law was not included in the 1986 supplement to Volume 8B of the Code which bore the notation "Updated through the 1986 Session of the General Assembly". The 1987 supplement contained the new act, certified on August 26, 1987, and was distributed some time after that date.

Following each section, including § 48–18–601, was the following editorial information:

> Effective Dates. Acts 1986, ch. 887, § 17.08 as amended by Acts 1987, ch. 273 § 51, January 1, 1988 (12:01AM)

It is thus seen that the general public received no notice of the enactment or effective date of § 48–18–601 until sometime after August 26, 1987, and that with express notice that it was effective January 1, 1988.

■ Ordinarily statutes are given prospective operation and will be so construed unless a clear contrary intent is expressed therein. *Woods v. TRW, Inc.,* Tenn.1977, 557 S.W.2d 274, *Elec. Power Bd. of Metro. Gov't of Nash. & Dav. County v. Woods,* Tenn.1977, 558 S.W.2d 821, and numerous authorities annotated in 28 Tenn.Dig.Statutes § 263.

■ Acts of limitation will be construed to operate prospectively unless the contrary intention clearly appears. *Vaughan v. E. Tenn. V. & G.R. Co.,* Tenn. 1877, 28 Fed.Cas. no. 16, 898, p. 1111, 2 B & A 537, 1 Flip 621, 11 OG 789. *Parlato v. Howe,* D.C.Tenn.1979, 470 F.Supp. 996.

The delayed effective date is not an expression of intent that any part of the act should take effect prior to its expressly stated effective date.

■ Where there is nothing in an act to indicate that a particular section is to take effect before the remainder of the act, the entire act takes effect in accordance with its express terms. *State ex rel Banks v. Taylor,* 199 Tenn. 507, 287 S.W.2d 83 (1955).

Defendant cites *Bradley v. LaPenna,* Tenn.1973, 490 S.W.2d 500 wherein plaintiff employed counsel on July 10, 1965, learned of malpractice on August 11, 1970, and sued on December 30, 1971. On May 24, 1967, T.C.A. § 28–304 was amended to shorten the limitation period for legal malpractice from six years to one year. Plaintiff insisted that the six year limitation in effect at the time of the contract (1965) was applicable; but the Supreme Court held that the suit was barred, the act having been passed prior to the accrual of the right on August 11, 1970, and the suit having been brought more than one year after August 11, 1970.

In conformity with the above authorities, on January 1, 1988, the former limitation of six years was shortened to one year, and plaintiffs had one year after January 1, 1988, within which to sue (their suit not being barred by the former six year statute). Plaintiffs suit filed within that year on September 8, 1988, was therefore timely and its dismissal as barred was error.

The foregoing renders moot the applicability of Section 48–27–103, the "saving clause."

■ The remaining issue relates to the refusal of leave to amend, the significance of which is greatly reduced by the foregoing disposition of the issue of statute of limitations.

The complaint, quoted above, relies upon "statute, Tennessee common law, ANG/Tennessee, Inc.'s bylaws and pursuant to defendant's employment agreement with ANG/Tennessee, Inc." This appears to be broad enough to support a recovery for breach of contract, if shown. However, if this should not be true, plaintiffs are entitled to the benefit of the provisions of T.R.C.P. 15.01 which requires that leave to amend pleadings shall be freely granted when justice so requires.

Defendants' only argument against the requirements of justice is that amendment would be pointless because even a suit for breach of contract would be barred by T.C.A. § 48–18–601. This Court has already rejected the bar of § 48–18–601 in this case, and conceives of no valid reason to deny amendment to add a contract count to the complaint, which leave should be granted on remand.

The judgment of the Trial Court denying leave to amend and dismissing plaintiffs' suit for mismanagement or misconduct is reversed and vacated and the cause is remanded to the Trial Court for further proceedings consistent with this opinion. Costs of this appeal are taxed against the defendant.

Reversed and Remanded.

CANTRELL and KOCH, JJ., concur.