ASBURY *et al. v.* STATE.

(*Knoxville*, September Term, 1941.)

Opinion filed October 18, 1941.

44

HARRY B. BROWN, of Jellico, and CON E. TROUTMAN, of LaFollette, for plaintiffs in error.

ERNEST F. SMITH, Assistant Attorney-General, for the State.

MR. JUSTICE McKINNEY delivered the opinion of the Court.

Everett Asbury, William Hensley, Ed Meadows and Isaac Neal, referred to herein as defendants, were indicted and convicted of violating section 11068 of the Code which is as follows: "It shall be a felony punishable by from three to twenty-one years' imprisonment in the penitentiary and by full judgment of infamy and disqualification, for two or more persons to enter into or form any conspiracy or combination or to remain in any conspiracy or combination under any name, or upon any pretext whatsoever, to take human life, or to engage in any act reasonably calculated to cause the loss of life, whether generally or of a class or classes, or of any individual or individuals; or to inflict corporal punishment or injury, whether generally or upon a class or classes, or upon an individual or individuals; or to burn or otherwise destroy property or to feloniously take the same, whether generally or of a class or classes, or of an individual or individuals."

The punishment of each was fixed at three years in the State penitentiary.

The theory of the State is that defendants, coal miners and members of the local union of the United Mine Workers of America, conspired together to inflict serious bodily injury upon the body of the prosecutor, Archie Sharp, foreman of the Clinchmore Coal Company mine, a non-union employee, who was not conforming to the rules of the Union; and that, in furtherance of that conspiracy, defendants in the early morning of October 24, 1940, waylaid Sharp as he was on his way to the mine and, armed with a shotgun, pistol and blackjack, seriously beat and wounded him.

Upon the question of identification the evidence is reasonably close; but we find it unnecessary to pass upon the merits of the case since we are constrained to hold that the facts of the case do not bring it within the purview of the above statute. In construing the statute this court, speaking through CHIEF JUSTICE GREEN, in *Trotter and Arnold* v. *State,* 158 Tenn., 264, 268, 269, 12 S. W. (2d), 951, 952, said:

"It seems to us from the terms employed that section 1 was a prohibition against organizing, joining, or remaining a member of any association or society, bearing any name, or formed upon any pretext whatsoever, which contemplated taking human life, inflicting corporal punishment, or doing the other things enumerated. By 'conspiracy or combination . . . under any name,' the statute indicated an organization with a special designation, such as the White Caps or Night Riders, although membership in an organization formed 'upon any pretext whatsoever' and having in view any of the unlawful purposes set out was equally denounced.

"The Legislature had in mind a conspiracy, combina-

tion, or organization with an existence more or less protracted. This is made plain by section 2, in which it is declared a felony for any person 'to procure or encourage anyone to become or remain a member of such unlawful conspiracy or combination.' Continuous existence of the conspiracy or combination, before and after the connection of any one conspirator, was thus recognized.

"A separate provision was furthermore made in section 2 for the punishment of any person who aided or abetted in the accomplishment of any purpose or end of such conspiracies or combinations; that is, membership in such a conspiracy or combination was one crime, and aiding or abetting the combination or conspiracy in accomplishing any of its illegal purposes another distinct crime."

The statute is aimed at organization created for the purpose of taking human life, or engaging in acts reasonably calculated to cause the loss of life, or to burn or otherwise destroy property or to feloniously take the same.

There is no testimony that the organization to which defendants belong was created for the purpose of doing the specific things denounced by the statute. In the brief filed on behalf of the State it is said: "The State does not for an instant say that the United Mine Workers of America had anything whatsoever to do with this crime."

There was a second count in the indictment which charged the defendants with making an assault upon the body of Archie Sharp with force and arms and with intent to commit murder in the first degree. This is the count upon which the State should have relied for a conviction. The jury, however, convicted the defendants upon the first count, their verdict being that the defendants "are

guilty as charged in the indictment for conspiracy,'' the effect of this verdict being to acquit the defendants of the crime set forth in the second count.

From what we have said, it follows that the judgment of the trial court will be reversed and the defendants discharged.