Donald **PRESLEY** et al.,
**Plaintiffs-in-Error,**

v.

**STATE of Tennessee, Defendant-in-Error.**

Court of Criminal Appeals of Tennessee.

April 11, 1975.

Certiorari Denied by Supreme Court
Sept. 8, 1975.

Frank V. Williams, III, Rockwood, for plaintiffs-in-error.

R. A. Ashley, Jr., Atty. Gen., Jack E. Seaman, Asst. Atty. Gen., Nashville, Arzo Carson, Dist. Atty. Gen., Huntsville, Robert T. Beaty, Asst. Dist. Atty. Gen., Oneida, for defendant-in-error.

## OPINION

WALKER, Presiding Judge.

The defendants below, Donald Presley, Terry Coffey and Stanley Coffey, were indicted and convicted under T.C.A. § 39–1106 of conspiracy to burn or otherwise destroy Presley's Chevrolet automobile with intent to defraud the Kingston Bank and Trust Company and the State Farm Mutual Insurance Company. The jury fixed the punishment of each defendant at three to five years in the penitentiary. All appeal in error from the judgment and sentence following that verdict.

The state's evidence showed that Presley owed $1,378.29 to the Kingston Bank and Trust Company secured by a lien on his automobile and that it was insured by the State Farm Mutual Insurance Company. He was paying the interest but not making regular payments on the loan.

About 9:00 A.M., August 25, 1973, Presley reported to a Harriman police officer that his car had been stolen from a Harriman shopping center. James Summers, a Morgan County officer, saw Presley and Terry Coffey in the car about 7:50 A.M. that day and again saw the car in the Catoosa wildlife area about 10:30 A.M. He and deputy sheriff Bobby Powers hid there and watched the car until about midnight when the defendants Terry Coffey and Stanley Coffey, along with one Fred Cook, arrived at the site where the car was hidden in the woods. From their conversations and actions, the jury was warranted in believing that these defendants and Cook were about to strip and burn the automobile. When the officers were satisfied about the intent of these parties, they fired their weapons and arrested the Coffey brothers and Cook.

All of the defendants testified and denied any conspiracy to burn the automobile. Presley denied being with Terry Coffey that morning. From the defendants' testimony, about 10:30 P.M. at a tavern the Coffey brothers learned of the location of the car in the large wildlife area and notified Presley. At Presley's request, they and Cook went to get the car for him. Presley did not accompany them because his wife was ill. They contend they had no intention to damage the automobile but planned to return it to their friend Presley.

The state's evidence, which the jury accepted, points to an ordinary conspiracy. Although the defendant does not assign it as error, the state calls to our attention the statute T.C.A. § 39–1106 under which the defendants were indicted and convicted. For its violation the penalty is three to 21 years' imprisonment in the penitentiary.

In *Trotter and Arnold v. State*, 158 Tenn. 264, 12 S.W.2d 951, our Supreme Court held that the ordinary crime of conspiracy, an agreement of two or more persons to commit a crime, is not within the proscription of this statute. The court considered the historical background of the statute and found that it was enacted to destroy an organization known as the "Whitecaps." This organization burned property, took human life, inflicted corporal punishment and terrorized communities in which it operated. The efforts of the lawmakers were directed against organizations, more or less abiding in character. By that case the statute is not directed against the conduct shown here. See also *Jenkins v. State*, 99 Tenn. 569, 42 S.W. 263, which held that the Act was "commonly known as the law against whitecaps."

The *Trotter* interpretation was followed and applied in *Asbury v. State*, 178 Tenn. 43, 154 S.W.2d 794. See also 8 *Vanderbilt Law Review* 73, 88.

In *DeLaney v. State*, 164 Tenn. 432, 51 S.W.2d 485, the court did not discuss its prior consideration of this statute but reversed the case because there was only one conspirator.

The state urges that *Trotter and Arnold v. State*, supra, and *Asbury v. State*, supra, were improperly decided and that we should not follow them. We may not ignore the prior decisions of our Supreme Court and we are bound by them. Under these authorities, we reverse and remand the case.

It is so ordered.

DWYER and DUNCAN, JJ., concur.