**STATE of Tennessee, Appellee,**

v.

**John Anthony MASUCCI, Appellant–Defendant.**

Court of Criminal Appeals of Tennessee, at Knoxville.

March 9, 1988.

Permission to Appeal Denied by Supreme Court July 25, 1988.

Douglas P. Jones, Johnson City, for appellant-defendant.

W.J. Michael Cody, Atty. Gen., Kathy M. Principe, Asst. Dist. Atty. Gen., Nashville, David Crockett, Dist. Atty. Gen., William R. Mooney, Asst. Dist. Atty. Gen., Johnson City, for appellee.

OPINION

DUNCAN, Presiding Judge.

The appellant, John Anthony Masucci, is an inmate of the penitentiary where he is serving an effective sentence of forty (40) years upon his January 13, 1983, pleas of guilty to four counts of armed robbery.

On January 21, 1987, the appellant filed a *pro se* petition for post-conviction relief, and counsel was appointed to represent him. Thereafter, the trial court ruled that the action was barred by the statute of limitations, T.C.A. § 40–30–102 (Supp. 1987), and dismissed the petition without an evidentiary hearing.

The issue before us is whether the appellant's petition is barred by the statute of limitations. We hold that it was not.

The 1967 Post–Conviction Procedure Act enlarged and made more efficient the remedies available under the writ of habeas corpus. Relief under the Act had no time bar and was available at any time during which a petitioner suffered a restraint on his liberty. *See State v. McGraw*, 551 S.W.2d 692 (Tenn.1977); T.C.A. § 40–30–102 (1982).

However, by amendment to T.C.A. § 40–30–102, the legislature has recently

imposed a three-year limitation period on the filing of petitions under the Act:

> Section 1. ... A prisoner in custody under sentence of this State must petition for post-conviction relief under this chapter within three (3) years of the date of the final action of the highest state appellate court to which an appeal is taken or consideration of such petition shall be barred.

> Section 2. This Act shall take effect on July 1, 1986 ... and shall apply to any petition filed on or after such date.

1986 Tenn.Pub. Acts 634 (section 1 codified at T.C.A. § 40–30–102 (Supp.1987)).

Under this section, the appellant's cause of action accrued on January 13, 1983, when he entered his plea of guilty. His petition was filed on January 21, 1987, a little over four years later, and more than six and one-half months after the effective date of the amendment. Thus, if the three-year limitation of the amendment were applied to the petitioner's case, he would have already been summarily cut off from relief on July 1, 1986.

In *Clarence Douglas Williams v. State,* C.C.A. Nos. 1132 & 1143 (Tenn.Cr.App., Knoxville, December 3, 1987) [available on WESTLAW, 1987 WL 25419] *application for permission to appeal pending* (Tenn.S. Ct.), we dealt with this exact issue, and we held that a petitioner is entitled to a reasonable time after the enactment of the legislation to bring his action. Judge Byers, writing for the Court, said:

> The defendant says that he is entitled to a reasonable time after the enactment of the legislation to bring his action and that twenty-one days is not a reasonable period. He relies on the general rule stated in *Bradley v. LaPenna:*

>> There is no vested right in the statute of limitations in force when the cause of action accrues, and the period allowed for suit may be shortened provided a reasonable time is permitted to bring the action. It follows, manifestly, that an existing right of action cannot be taken away by legislation shortening the period of limitation to a time that has already run.

490 S.W.2d 500, 501 (Tenn.1973) (quoting 51 Am.Jur.2d *Limitation of Actions,* § 38 (1970)).

In *Redmon v. LeFevre,* 503 S.W.2d 97, 99 (Tenn.1973), the Court again held that existing causes may not be "summarily cut off." The opinion further explained that a new and shorter limitations period may be applied to existing causes if the Legislature so intends, as it clearly intended in this case. If the statute does not contain within it a reasonable grace period for action on those causes, it is not necessary for the courts to invalidate the act or to create a reasonable grace period. The better construction is to apply the new limitations period to existing causes prospectively, unless for some reason that would be unreasonable.

Following the *Redmon* case, we hold that as to post-conviction petitions that would have been summarily cut off on July 1, 1986, the limitations period began to run on that date. The petition in this case is not barred by the amendment.

We agree with the reasoning and ruling made in *Williams* on this issue. Also, we note that our Court has ruled similarly in at least two other cases. *See State v. Aundra St. John,* C.C.A. No. 87–100–III (Tenn.Cr.App., Nashville, February 11, 1988); *Bobby Silas Robinson v. State,* C.C.A. No. 87–69–III (Tenn.Cr.App., Nashville, January 6, 1988) [available on WESTLAW, 1988 WL 632].

Accordingly, we hold that the petition in the present case is not barred by the statute of limitations.

The judgment of the trial court is reversed and the case is remanded to the trial court for further proceedings on the petition. Since the appellant's petition does not raise an issue as to the competency of counsel, a judge other than the original trial judge should hear and determine the petition. *See* T.C.A. § 40–30–103(b) (1982).

JONES and WADE, JJ., concur.