928 F.2d 1133
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Ernest LEWIS, Jr., Plaintiff-Appellant,
v.
Billy W. COMPTON, Warden, Defendant-Appellee.
 No. 89-5847.
 United States Court of Appeals, Sixth Circuit.
 March 28, 1991.
 
 W.D.Tenn., No. 88.02005; Turner, J.
 W.D.Tenn. (VACATING ORDER ON REHEARING, 921 F.2d 276).
 AFFIRMED.
 Before DAVID A. NELSON and ALAN E. NORRIS, Circuit Judges, and GEORGE CLIFTON EDWARDS, Jr., Senior Circuit Judge.
 
 ORDER
 
 1
 The appellee has asked this court to rehear its order of December 4, 1990, which vacated the district court's dismissal of a habeas corpus petition for failure to exhaust state remedies. Pursuant to Rule 9, Rules of the Sixth Circuit, and after examination of the record and briefs, the panel unanimously agrees that oral argument is not necessary. Fed.R.App.P. 34(a). Upon consideration, the court concludes that the request for rehearing ought be granted.
 
 
 2
 The appellant, Ernest Lewis, Jr., is serving a 30-year sentence in a Tennessee prison for second degree murder. Pursuant to 28 U.S.C. Sec. 2254, Mr. Lewis filed a habeas corpus petition alleging that his counsel was ineffective by reason of his failure to mention on direct appeal a recantation of trial testimony by the prosecution's chief witness. The district court dismissed the petition because Mr. Lewis had not raised this issue with the Tennessee courts in a petition for post-conviction relief.
 
 
 3
 On appeal to our court, Mr. Lewis argued that it would have been futile to seek post-conviction relief in the Tennessee courts; his federal habeas corpus petition was filed approximately six years after the Tennessee Supreme Court declined to review his case, as he pointed out, and Tennessee requires that a petition for post-conviction relief be filed within three years of the date of the final action of the highest state appellate court to which an appeal is taken. Tenn.Code.Ann. Sec. 40-30-102 (1986). As noted in our order of December 4, 1990, the appellee failed to address this argument.
 
 
 4
 In his petition for rehearing the appellee has called our attention to several cases in which Tennessee courts have held that the limitations period prescribed by Tenn.Code Ann. Sec. 40-30-102 does not begin to run until the effective date of the statute--July 1, 1986--if application of the statute would otherwise cut short an inmate's right to seek post-conviction relief. See, e.g., State v. Masucci, 754 S.W.2d 90 (Tenn.Cr.App.1988). Under these cases, Mr. Lewis had until July 1, 1989, to seek post-conviction relief in Tennessee. He filed his federal habeas corpus petition in December of 1988, well within the time in which he could have sought post-conviction relief in the Tennessee courts, and he thus failed to exhaust his state remedies.
 
 
 5
 Pursuant to Rule 9(b)(5), Rules of the Sixth Circuit, this court's order of December 4, 1990, is VACATED, and the district court's order of May 25, 1989, is AFFIRMED.