IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
NOVEMBER 1996 SESSION



FILED

April 28, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| RICKEY G. SMITH, | ) | No. 02C01-9511-CR-00342 |
| | ) | |
| Appellant | ) | |
| | ) | SHELBY COUNTY |
| V. | ) | |
| | ) | HON. JOHN P. COLTON, JR., |
| STATE OF TENNESSEE, | ) | JUDGE |
| | ) | |
| Appellee. | ) | (Post-Conviction) |
| | ) | |
| | ) | |

For the Appellant:

David C. Stebbins
330 South High Street
Columbus, OH 43215

John G. Oliva
222 Second Avenue North, 417
Nashville, TN 37201

For the Appellee:

John Knox Walkup
Attorney General and Reporter

Merrilyn Feirman
Assistant Attorney General
450 James Robertson Parkway
Nashville, TN 37243-0493


John W. Pierrotti
District Attorney General

James M. Lammey, Jr.
Jennifer S. Nichols
Assistant District Attorneys
201 Poplar - Third Floor
Criminal Justice Complex
Memphis, TN 38103

OPINION FILED: _____

AFFIRMED

William M. Barker, Judge

**OPINION**

The appellant, Rickey G. Smith,[1] appeals as of right the denial in the Shelby County Criminal Court of his fourth petition for post-conviction relief. Finding no error in the trial court's order, we affirm the denial of relief.

A protracted procedural history surrounds appellant's petition for post-conviction relief and this appeal. He was convicted by a jury of first degree felony murder for the 1982 shooting death of Walter Allen occurring during the course of a robbery. Appellant was sentenced to death. The only aggravating circumstance found by the jury was that the murder was committed during the perpetration of a robbery. Tenn. Code Ann. §39-2-203(i)(7) (1982). Appellant's conviction and sentence were affirmed on direct appeal. See State v. Smith, 695 S.W.2d 954 (Tenn. 1985).

Appellant filed his first post-conviction petition on August 26, 1986 alleging ineffective assistance of counsel, constitutional errors during voir dire, erroneous jury instructions, and the unconstitutionality of the Tennessee Death Penalty Act. After an evidentiary hearing, the trial court denied relief and this Court affirmed on direct appeal. See Ricky Goldie Smith v. State, No. 69 (Tenn. Crim. App. at Jackson, October 19, 1988). The supreme court denied appellant's application for permission to appeal on January 3, 1989.

On February 8, 1989, appellant filed his second petition for post-conviction relief. This petition again alleged the ineffective assistance of counsel at trial and on appeal and set forth ten specific instances of conduct. The petition also alleged prosecutorial misconduct at both the guilt and sentencing phases of the trial, as well as error in the trial court's exclusion for cause of certain jurors. Six months later, appellant filed a third *pro se* post-conviction petition, raising seven issues which

_____

[1]For purposes of clarification, we note that in various portions of the record, appellant's name is "Ricky Smith," while in others, appellant is referred to as "Rickey G. Smith." Previous opinions from this Court and the supreme court involving this appellant caption his name as Ricky Smith. However, the petition and the briefs of the parties here spell the name including the "e." As such, we will maintain the spelling used in the current petition.

included thirty-six sub-issues. It was subsequently consolidated with the second petition in the trial court. The trial court denied both petitions after hearing the argument of counsel and this Court again affirmed on direct appeal. See State v. Ricky Goldie Smith, No. 11 (Tenn. Crim. App. at Jackson, June 5, 1991). The supreme court denied his application for permission to appeal on September 23, 1991.

In 1993, the State petitioned the supreme court for an execution date in appellant's case. The supreme court denied the petition and granted appellant's opposing motion. It ordered that an attorney be appointed to assist appellant in filing a post-conviction petition raising the impermissible application of the felony-murder aggravating circumstance. See State v. Middlebrooks, 840 S.W.2d 317 (Tenn. 1992). After the appointment of counsel, a lengthy petition was filed in the trial court on January 26, 1994. Thereafter, upon appellant's motion for partial summary judgment, the trial court vacated appellant's death sentence and imposed a life sentence premised upon the Middlebrooks error. Appellant then filed an amended petition, reiterating all claims in the original petition which did not pertain to his death sentence. The trial court summarily denied appellant's petition without conducting an evidentiary hearing. In its findings of fact and conclusions of law, the trial court found that all grounds were barred by the statute of limitations, and also that some of appellant's grounds were waived or previously determined.

On appeal, the appellant argues that:

(1) the definition of reasonable doubt provided to the jury impermissibly relieved the state of its burden of proof;

(2) the indictment failed to provide appellant notice of the elements of the underlying felony with which he was charged and the jury instructions served as a constructive amendment to the indictment;

(3) the jury instructions were inadequate and improper as to the mandatory presumptions on the element of malice in first degree murder;

(4) appellant was denied the effective assistance of counsel at trial;

3

(5) appellant was denied the effective assistance of appellate counsel for failure to raise and preserve significant issues;

(6) appellant was denied the effective assistance of counsel in his previous post-conviction petitions;

(7) appellant was denied a fair and impartial jury because the State exercised peremptory challenges in a manner to exclude members of appellant's race;

(8) appellant was denied a fair and impartial jury because jurors were excused for cause based upon their opposition to the death penalty;

(9) appellant's rights against self-incrimination were violated by the court's limitations on the presentation of evidence concerning the reliability of the confession offered in evidence against appellant;

(10) appellant's constitutional rights were violated by counsel's failure to obtain the expert and investigative assistance necessary to prepare an adequate defense and by post-conviction counsel's failure to obtain these services to provide effective representation on post-conviction relief;

(11) appellant was denied his right to a fair trial due to the prosecution's failure to disclose favorable evidence;

(12) appellant was denied a fair trial by the prosecution's failure to reveal any promises or benefits bestowed upon witnesses; and

(13) the State failed to comply with its statutory mandate to file the record in the trial court.

Finding no merit to any of appellant's issues, we affirm the trial court's denial of post-conviction relief.

Under Tennessee Code Annotated section 40-30-102, a three year statute of limitations applied to appellant's post-conviction claims. Due to prospective application of this limitation period, it did not expire until July 1, 1989. See e.g. Smith v. State, 757 S.W.2d 683, 685 (Tenn. Crim. App. 1988); State v. Masucci, 754 S.W.2d 90, 91 (Tenn. Crim. App. 1988); and Abston v. State, 749 S.W.2d 487, 488 (Tenn. Crim. App. 1988). Appellant's petition, filed almost five years after expiration of the statute, is clearly time-barred.

We recognize that in limited circumstances due process will prevent the strict application of the statute of limitations in post-conviction cases. The statutory limitations period on post-conviction suits violates due process only if it denies the

4

petitioner "a reasonable opportunity to have the claimed issue heard and decided." Burford v. State, 845 S.W.2d 204, 208 (Tenn. 1992). Our supreme court has recently clarified and explained the parameters of the Burford rule. See Caldwell v. State, 917 S.W.2d 662 (Tenn. 1996), cert. denied ___ U.S. ___, 117 S.Ct. 148, 136 L.Ed.2d 94 (1996) and Sands v. State, 903 S.W.2d 297 (Tenn. 1995). In determining whether a petitioner should be excepted from the post-conviction statute of limitations, a three-step analysis is necessary: (1) determine when the limitations period would normally have begun to run; (2) determine whether the ground for relief actually arose after the limitations period would normally have commenced; and (3) if the grounds are "later-arising," determine if, under the facts of the case, a strict application of the limitations period would effectively deny the petitioner a reasonable opportunity to present the claim. Sands, 903 S.W.2d at 301. Each circumstance must be satisfied in order to obtain relief from the statute of limitations. With this in mind, we now turn to appellant's claims.

Appellant first argues that the jury instructions given on reasonable doubt violated due process by impermissibly relieving the State of its burden of proof. He asserts that this claim is not barred by the statute of limitations because it is premised on United States Supreme Court authority decided in 1994 cautioning against the "moral certainty" language used in the reasonable doubt instruction at his trial. See Victor v. Nebraska and Sandoval v. California, 511 U.S. 1, 114 S.Ct. 1239, 127 L.Ed.2d 583 (1994). He claims that this ground arose after the limitations period expired. This identical issue has been previously addressed by this Court and rejected. This Court has found that instructions almost identical to those in appellant's case were not violative of due process and further that this claim provides no ground for relief from the post-conviction statute of limitations. Pettyjohn v. State, 885 S.W.2d 364, 365 (Tenn. Crim. App. 1994). See also Charles Walton Wright v. State, No. 01C01-9506-CR-00211 (Tenn. Crim. App. at Nashville, March 20, 1997); Michael Eugene Sample and Larry McKay v. State, No. 02C01-9505-CR-00129 (Tenn. Crim.

5

App. at Jackson, September 30, 1996), perm. to appeal denied (Tenn. 1997); James

David Carter v. State, No. 03C01-9605-CC-00179 (Tenn. Crim. App. at Knoxville, July

15, 1996), perm. to appeal granted (Tenn., Dec. 9, 1996) (finding that post-conviction

claims premised on Victor and Sandoval were insufficient to create exception to

statute of limitations where instructions did not violate due process).  Appellant is

unable to demonstrate an exception to the statute of limitations.  This claim is time-

barred.[2]

Moreover, we note, as did the trial court, that this ground for relief is waived for

failure to present it in an earlier proceeding.  Tenn. Code Ann. §40-30-112(b)

(repealed 1995).  This ground was not raised on direct appeal, nor in any of the three

earlier post-conviction petitions filed on behalf of appellant.  This gives rise to a

presumption of waiver.  Id.  The supreme court has directed us to evaluate waiver

using an objective standard under which a petitioner is bound by the action or inaction

of his attorney.  House v. State, 911 S.W.2d 705, 714 (Tenn. 1995), cert. denied ___

U.S. ___, 116 S.Ct. 1685, 134 L.Ed.2d 787 (1996).  Appellant's mere assertions that

he did not personally, knowingly, and understandingly fail to raise a ground for relief is

insufficient to overcome the rebuttable presumption of waiver.  Id.  Moreover, a

petitioner's allegations of ineffective assistance of post-conviction counsel will not

rebut the presumption of waiver.  Id.  Therefore, we must consider the issue waived

for failure of appellant's counsel to raise this issue in a prior proceeding.

Appellant next contends that the indictment charging him was defective in that it

did not include the elements of the underlying felony of robbery and that the jury

_____

[2]Appellant also relies on Rickman v. Dutton, 864 F.Supp. 686 (M.D. Tenn. 1994) as support for
the unconstitutionality of these instructions.  Although the federal court in Rickman found the instructions
violated due process, our supreme court continues to uphold substantially similar instructions.  See State
v. Nichols, 877 S.W.2d 722, 734 (Tenn. 1994), cert. denied ___ U.S. ___, 115 S.Ct. 909, 130 L.Ed.2d
791 (1995).  As an inferior appellate court, we must abide by the decisions of our supreme court.  Barger
v. Brock, 535 S.W.2d 337, 341 (Tenn. 1976).  See also State v. Davis, 654 S.W.2d 688, 690 (Tenn.
Crim. App. 1983) (the supreme court's determination on an issue is conclusive and binding on this Court
and all other inferior courts of this state); Presley v. State, 528 S.W.2d 52, 54 (Tenn. Crim. App. 1975)
(we may not ignore the prior decisions of our supreme court and we are bound by them).  At least one
other panel of this Court has declined to follow Rickman on this issue for the same reason.  See
Raymond L. Covington v. State, No. 01C01-9606-CC-00250 (Tenn. Crim. App. at Nashville, September
30, 1996).

6

instructions defining robbery acted as a constructive amendment to the indictment in violation of his constitutional rights. Appellant provides no justification for his tardiness in raising this claim in a post-conviction petition. This ground did not arise after the limitations period had begun to run as required by Sands. Therefore, it is barred by the statute of limitations.

In addition to being barred by the statute of limitations, we must also consider this ground waived for failure to include it in an earlier petition. Tenn. Code Ann. §40-30-112(b)(1) (repealed 1995). The trial court found that although this ground for relief existed, it was not raised on direct appeal nor in any of the three earlier post-conviction petitions filed on behalf of appellant. This gives rise to a presumption of waiver and we affirm the trial court's determination. Id.

Appellant's issues three through eleven are presented as a comprehensive list in his brief without citation to case authority. Appellant alleges that he is at least entitled to a hearing on these claims and that they are not barred by the statute of limitations. According to appellant, these claims are not time-barred because appellant's interest in life outweighs any possible state interest in denying his constitutional claims; counsel appointed by the State was not effective; appellant had no opportunity to choose his attorney nor was he able to investigate and litigate these claims on his own behalf because he is incarcerated and indigent and has been indigent throughout the course of all prior proceedings; and he lacked the legal and factual knowledge necessary to raise such claims earlier. These reasons are not valid ones for obviating the application of the statute of limitations. See Sands, 903 S.W.2d at 301. Appellant goes on to state that these claims fall within an exception to the statute of limitations, but fails to explain what exception. He merely asserts that due process of law permits him to avoid application of the statute of limitations. We find that appellant is not entitled to relief from the statute of limitations on any of these claims.

Enumerated issues three, four, five, seven, eight, nine, and ten are barred by the statute of limitations and fall within no exception. These alleged grounds for relief are not later-arising and fail to satisfy the test set forth in Sands.[3] Additionally, we find that these very issues were raised in prior petitions and must be considered previously determined.[4] Tenn. Code Ann. §40-30-112(b) (repealed 1995). Issue six pertaining to the effectiveness of post-conviction counsel is also without merit. We agree with the trial court that appellant has no constitutional right to post-conviction counsel and may not assert a claim based on the ineffective assistance of post-conviction counsel. House v. State, 911 S.W.2d 705, 712 (Tenn. 1995), cert. denied ___ U.S. ___, 116 S.Ct. 1685,134 L.Ed.2d 787 (1996). See also Davis v. State, 912 S.W.2d 689, 696 (Tenn. 1995).

Finally, appellant's issues eleven and twelve pertaining to exculpatory evidence and promises made to witnesses do not entitle appellant to relief. As with all other claims, these are barred by the limitations period. Appellant presented these issues in his third petition, which was filed prior to the expiration of the statute of limitations. Therefore, these grounds are not "later-arising" as required for an exception to the running of the statute of limitations. Sands v. State, 903 S.W.2d 297, 301 (Tenn.

---

[3]Appellant argues that he did not become aware of many of these grounds for relief until he had access to police investigative files under Capital Case Resource Center of Tennessee, Inc. v. Woodall, No. 01A01-9104-CH-00150 (Tenn. App. at Nashville, January 29, 1992). This assertion is not supported by the record. All of these claims for relief were raised in appellant's 1989 post-conviction petition. Thus, appellant was aware of these claims and they did exist prior to expiration of the statute of limitations.

[4]In order for a ground for relief to be previously determined, the appellant must have been accorded a full and fair hearing. Tenn. Code Ann. §40-30-112(a) (repealed 1995). A full and fair hearing occurs when a petitioner is given an opportunity to present constitutional claims at a meaningful time and in a meaningful manner, i.e. without undue restriction on the scope of the hearing or undue limitation on the introduction or presentation of evidence. House v. State, 911 S.W.2d 705, 711 (Tenn. 1995), cert. denied ___ U.S. ___, 116 S.Ct. 1685,134 L.Ed.2d 787 (1996). We note that although the trial court did not accord appellant an evidentiary hearing on his second and third petitions, it did hold a hearing on the State's "motion to dismiss without an evidentiary hearing" in which it heard the arguments of counsel. Dismissal of the petition followed. These grounds were included in appellant's subsequent appeal to this Court, in which we affirmed the trial court's action, and also included in his application for permission to appeal to the supreme court, which was denied. As such, we believe appellant was accorded a full and fair hearing on these issues to permit a finding of previous determination. See Donnie E. Johnson v. State, No. 02C01-9111-CR-00237 (Tenn. Crim. App. at Jackson, March 27, 1997) (finding that when an issue is raised on appeal to this Court and in an application for permission to appeal to the supreme court and ruled upon, it may be considered previously determined).

1995).  Because they were raised in appellant's third petition, we must also consider them previously determined.  Tenn. Code Ann. §40-30-112(b) (repealed 1995).[5]

Lastly, appellant argues that the State erred by failing to file in the trial court the necessary portions of the record as required by statute.  The Post-Conviction Act requires that if the petition does not include parts of the records or transcripts that are material to the questions raised, the district attorney is empowered to obtain them at the expense of the State and file them with the responsive pleading or within a reasonable time thereafter.  Tenn. Code Ann. §40-30-114(b) (repealed 1995).  Due to the exemplary work of appellant's counsel, an extremely thorough and detailed petition for relief was filed in the trial court.  This petition included an itemized list of issues previously raised in other petitions and appeals.  In addition, the trial court had access to the files containing appellant's previous petitions and the decisions of this Court and apparently relied on that information.  The trial court's order refers to appellant's previous petitions and provides a comprehensive list of the issues raised in each one.

Because the trial court's decisions were based upon procedural defenses to the claims, we do not find that there were other records or transcripts material to the questions raised.  The trial court had before it sufficient information to determine the questions of the statute of limitations, waiver and previous determination.  Although we encourage all parties to act in conformity with the statutory mandate, we do not find that the State violated its statutory duty in appellant's case.

In sum, appellant has presented no claim deserving of post-conviction relief.  Every claim presented is barred by the statute of limitations.  Appellant has failed to demonstrate that any claim is later-arising or that he has been precluded a reasonable opportunity to present it in a state forum.  Moreover, as we have specified, some claims have been waived for failure to present them in an earlier petition and many have been previously determined.  Appellant has had numerous opportunities to

_____

[5]See Footnote four above.

9

present his claims before the trial court and this Court. As a result of this petition, the trial court vacated his death sentence and imposed a sentence of life imprisonment. We believe that appellant's rights to due process have been respected and preserved by the courts of this State. The judgment of the trial court denying post-conviction relief is affirmed.

_____
William M. Barker, Judge


_____
Gary R. Wade, Judge


_____
David G. Hayes, Judge