# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
## AUGUST SESSION, 1997

FILED

September 09, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

JOHNNY LEE MUKES,    )
                         )
      Appellant      )
                         )
vs.                   )
                         )
STATE OF TENNESSEE,   )
                         )
      Appellee      )

No. 02C01-9610-CR-00320

SHELBY COUNTY

Hon. JOHN P. COLTON, JR., Judge

(Post-Conviction)

**For the Appellant:**

**JOHNNY LEE MUKES, PRO SE**
Reg. No. 12375-076
F.C.I. Memphis
P. O. Box 34550 (Beale-A)
Memphis, TN  38184-0550

**For the Appellee:**

**CHARLES W. BURSON**
Attorney General and Reporter

**MICHAEL J. FAHEY, II**
Assistant Attorney General
Criminal Justice Division
450 James Robertson Parkway
Nashville, TN 37243-0493

**WILLIAM GIBBONS**
District Attorney General

**ROBERT CARTER**
Asst. District Attorney General
Criminal Justice Complex
Suite 301, 201 Poplar Street
Memphis, TN   38103

OPINION FILED: _____

AFFIRMED

**David G. Hayes**
Judge

## OPINION

The appellant, Johnny Lee Mukes, appeals the order of the Shelby County Criminal Court dismissing his *pro se* petition for post-conviction relief. In this appeal, the appellant raises numerous issues which can collectively be summarized as challenging the trial court's ruling that the petition for post-conviction relief is time barred.[1]

After a review of the record, we affirm the lower court's denial of post-conviction relief.

Between March 1, 1976, and January 12, 1988, the appellant entered guilty pleas to and was convicted of numerous felonies in the State of Tennessee.[2] In 1990, the appellant was convicted in the federal district court for the Western District of Tennessee of possession of a controlled substance with intent to distribute, carrying a firearm in a drug trafficking offense, and being a felon in possession of a firearm. His prior state convictions, the subject of this appeal, were subsequently used to enhance the sentences imposed for these federal convictions.[3] The appellant is currently incarcerated at the Federal

---

[1] Although the post-conviction petition included in the record before this court only attacks the appellant's 1984 convictions for aggravated assault, the argument presented by both parties in their respective briefs encompasses all prior felony convictions of the appellant, *infra* note 2, used to enhance his sentences for his subsequent federal convictions. The trial court noted that each of the appellant's prior state convictions were challenged in separate post-conviction petitions, but were assigned the same docket number when filed. Accordingly, the court addressed the appellant's collective challenges in its denial.

[2] The federal presentence report included in the record indicates that the following prior felony convictions of the appellant were used for federal sentencing enhancement purposes:

| | |
|---|---|
| 03/01/76 | Robbery |
| 04/24/80 | Carrying a Pistol |
| 07/24/84 | Aggravated Assault |
| 07/24/84 | Aggravated Assault |
| 03/05/87 | Possession Controlled Substance w/ Intent |
| 03/05/87 | Possession Controlled Substance w/ Intent |
| 03/05/87 | Convicted Felon in Possession of Firearm |
| 01/12/88 | Possession Controlled Substance w/ Intent |

[3] In accordance with Federal Sentencing Guideline, the appellant received three criminal history points for his 1976 conviction for robbery; two criminal history points for his 1980 conviction for carrying a pistol; three criminal history points for his 1984 convictions for aggravated assault;

Correctional Institution in Memphis, Tennessee. On July 9, 1996, the appellant filed a *pro se* petition for post-conviction relief alleging that his guilty pleas entered for his respective state convictions were not knowingly and voluntarily entered.[4] On July 30, 1996, the trial court, without an evidentiary hearing, dismissed the petition as being barred by the statute of limitations.

The record supports the trial court's finding that the petition is time-barred. The limitations period on the appellant's claims began to run on July 1, 1986, for convictions entered prior to this date, on April 5, 1987, for his convictions for possession of a controlled substance with intent and felon in possession of a firearm, and on February 12, 1988, for his conviction for possession of a controlled substance with intent. See Tenn. Code Ann. § 40-30-102 (repealed 1995); see also Passarella v. State, 891 S.W.2d 619, 624 (Tenn. Crim. App.), perm. to appeal denied, (Tenn. 1994). Thus, the appellant had three years from these respective dates in which to file a cognizable claim for post-conviction relief.[5] Tenn. Code Ann. § 40-30-102. The petition in the instant case was filed on July 9, 1996, well past the three year statute of limitations; thus, the appellant is "barred" from seeking post-conviction relief.

---

three criminal history points for his 1987 convictions for possession with intent to sell and being a felon in possession of a firearm; and three criminal history points for his 1988 conviction for possession with intent to sell. 28 U.S.C.A. § 994(a)(1) (West 1993); Federal Sentencing Guidelines §§ 4A1.2 (1995).

[4]The appellant alleges that his guilty pleas failed to comply with the constitutional mandates of Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709 (1969), and State v. Mackey, 553 S.W.2d 337 (Tenn. 1977). Specifically, he contends that he was not informed that the resulting convictions from these guilty pleas could be considered for subsequent sentencing enhancement. Even if the appellant's claim was not time barred, he would not have a cognizable claim for post-conviction relief. Boykin requires the intentional relinquishment or abandonment of the accused's right against self-incrimination, the right to confront one's accusers, and the right to a trial by jury. Id. The allegation made by the appellant, however, suggests a violation of the mandates of Mackey, 553 S.W.2d at 341 and State v. McClintock, 732 S.W.2d 268, 273 (Tenn. 1987), not Boykin. Failure to give advice not required by Boykin, i.e.,failure to inform the accused that the resulting judgment of conviction could be used in the future to enhance punishment for subsequent convictions, is not a proper ground for post-conviction relief because the omission does not, by itself, rise to the level of constitutional error. See Hatmaker v. State, No. 03C01-9506-CR-00169 (Tenn. Crim. App. at Knoxville, Oct. 18, 1996), perm. to appeal denied, (Apr. 14, 1997) (citing Tenn. Code Ann. § 40-30-105; State v. Prince, 781 S.W.2d 846. 853 (Tenn. 1989); State v. Neal, 810 S.W.2d 131, 140 (Tenn. 1991)).

[5]The appellant had until July 1, 1989; April 5, 1990; and January 13, 1991, respectively, to file an appropriate petition for post-conviction relief.

Nonetheless, the appellant makes several arguments in support of his position that his petition is not time-barred. First, the appellant contends that he was not "in custody" at the time of filing, and, therefore, the three year statute of limitations does not apply to him. A person confined to a federal penitentiary is considered "in custody" within the meaning of Tenn. Code Ann. § 40-30-102 if the possibility exists that a state conviction has placed a restraint on his liberty. See Passarella, 891 S.W.2d at 622. The appellant's Tennessee convictions were subsequently used to enhance his current federal sentence, and, thus, placed a "restraint" upon his liberty. This issue is without merit.

Next, the appellant contends that, due to his confinement in the federal correction facility, he was "without access to the Tennessee Code Annotated," therefore, he was unaware of the three year limitation period. Lack of knowledge does not excuse late filings. Skinner v. State, No. 02C01-9403-CC-00039 (Tenn. Crim. App. at Jackson, July 13, 1994), perm. to appeal denied, (Tenn. Oct. 10, 1994) (citing Willis v. State, No. 01C01-9211-CR-00359 (Tenn. Crim. App. at Nashville, Oct. 21, 1993), perm. to appeal denied, (Tenn. Mar. 7, 1994)). This contention is also without merit.

We also reject the appellant's argument that the new Post-Conviction Procedure Act, effective May 10, 1995, grants an additional one year period, until May 10, 1996, to file a post-conviction petition. A consensus of this court agrees that the new act does not revive previously time-barred post-conviction relief claims. See, e.g., Wolfenbarger v. State, No. 03C01-9603-CC-00124 (Tenn. Crim. App. at Knoxville, Apr. 1, 1997); Carter v. State, No. 01C01-9511-CC-00398 (Tenn. Crim. App. at Nashville, Feb. 13, 1997); Pendleton v. State, No. 01C01-9604-CR-00158 (Tenn. Crim. App. at Nashville, Feb. 13, 1997); Blake v. State, No. 03C01-9603-CR-00110 (Tenn. Crim. App. at Knoxville, Feb. 12, 1997); Koprowski v. State, No. 03C01-9511-CC-00365 (Tenn. Crim. App. at

Knoxville, Jan. 28, 1997). But see Carter v. State, No. 03C01-9509-CC-00270 (Tenn. Crim. App. at Knoxville, July 11, 1996), perm. to appeal granted, (Tenn. Dec. 2, 1996). Even though the instant petition was filed after the effective date of the new Act, the applicable three year statute of limitations barred the appellant post-conviction relief prior to May 10, 1995. The 1995 Act will not revive a claim which is already time-barred.

Finally, we summarily reject the appellant's contentions that (1) application of the three year statute of limitations to his pre-1986 convictions is unconstitutional, see State v. Masucci, 754 S.W.2d 90 (Tenn. Crim. App. 1988); and (2) the three year statute of limitations procedurally denied him his constitutional rights because he was unaware of his ground for post-conviction relief, see Brown v. State, 928 S.W.2d 453, 457 (Tenn. Crim. App.), perm. to appeal denied, (Tenn. 1996).

Accordingly, we affirm the judgment of the trial court and hold that the appellant's petition for post-conviction relief is time-barred by the applicable three year statute of limitations.

_____
DAVID G. HAYES, Judge

CONCUR:

_____
JERRY L. SMITH, Judge

_____

5

THOMAS T. WOODALL, Judge