# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON

## EARNEST L. WHITE v. STATE OF TENNESSEE

**Criminal Court for Shelby County**
**No. P 23689**

---

**No. W2000-01908-CCA-R3-PC - Filed March 14, 2001**

---

## ORDER

The petitioner, Earnest L. White, appeals the order of the Shelby County Criminal Court summarily dismissing his habeas corpus/post-conviction petition without conducting an evidentiary hearing or appointing counsel. Though styled as a petition for habeas corpus relief, White asserts therein that ten of his 1984 convictions should be set aside because of constitutional infirmities in the process surrounding the entry of his guilty pleas for these offenses.[1] As the issues raised provide no basis for habeas corpus relief but rather set out traditional post-conviction concerns, the trial court considered this pro se petition as one for post-conviction relief. However, the trial court thereafter found that the petition had been filed past the applicable statute of limitations and, therefore, dismissed the petition. After a review of the record before this Court, we find that the judgment of the trial court should be affirmed pursuant to Rule 20, Tennessee Court of Criminal Appeals.

Since the time of the petitioner's pleas, the Tennessee post-conviction procedure has undergone revision. For example, the 1986 amendment to Tennessee Code Annotated § 40-30-102 placed a three year statute of limitations on the filing of post-conviction petitions. For those convicted prior to the enactment of this amendment, this three year period began running on July 1, 1986. See e.g., State v. Masucci, 754 S.W.2d 90, 91 (Tenn. Crim. App. 1988). Then, in 1995, the state legislature shortened the period of limitation to one year calculated from "the date of the final action of the highest appellate court to which an appeal is taken or, if no appeal is taken," to one year from "the date on which the judgment became final." Tenn. Code Ann. § 40-30-202(a). Furthermore, under Tennessee Code Annotated § 40-30-202(b), a court does not have jurisdiction to consider a petition for post-conviction relief if it was filed outside the one-year statute of limitation

> unless: (1) The claim in the petition is based upon a final ruling of an appellate court establishing a constitutional right that was not recognized as existing at the time of trial, if retrospective application of that right is required ... ; (2) The claim in the

---

[1] More specifically, the appellant alleges that his pleas were not knowingly and voluntarily entered (For example, he asserts that he was not made aware at the time the pleas were entered that the resulting convictions subsequently "could be used by another agency of Law Enforcement [sic] for enhancement purposes"); that counsel provided ineffective representation; etc.

petition is based upon new scientific evidence establishing that such petitioner is actually innocent of the offense or offenses for which the petitioner was convicted; or (3) The claim asserted in the petition seeks relief from a sentence that was enhanced because of a previous conviction and such conviction in the case in which the claim is asserted was not a guilty plea with an agreed sentence, and the previous conviction has subsequently been held to be invalid ....

Tenn. Code Ann. § 40-30-202.

In the case presently before this Court, White filed his petition well beyond the expiration of both of the aforementioned statutes of limitation.[2] Moreover, his claims do not fall within any of the exceptions above-noted which would toll the limitations period. Accordingly, we affirm the trial court's judgment pursuant to Rule 20, Tennessee Court of Criminal Appeals. Because it appears to the Court that Appellant, Earnest L. White, is indigent, costs will be paid by the State.

_____
JERRY L. SMITH, JUDGE


_____
JOSEPH M. TIPTON, JUDGE


_____
JOE G. RILEY, JUDGE

---

[2] The technical record only contains indictments, judgments, etc. related to nine of the ten convictions referenced by the appellant. However, his petition indicates that all ten sentences were set to run concurrently to one another, and the case number for the missing conviction is lower than the remaining nine. As such, it makes sense that the limitation period has run for this offense also.