IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs August 7, 2001

## ELMER L. FRITTS, SR. v. JAMES M. DUKES, Warden, and STATE OF TENNESSEE

**Direct Appeal from the Circuit Court for Lauderdale County**
**No. 5468     Joseph H. Walker, Judge**

---

**No. W2001-00833-CCA-R3-CD - Filed September 6, 2001**

---

Petitioner appeals the summary dismissal of his petition for habeas corpus relief which alleged that the charges against him were untrue, that the statutes of limitations as to the charges had expired before he was charged, and that his counsel was ineffective. The post-conviction court determined that the allegations contained in the petitioner's *pro se* petition did not entitle him to habeas corpus relief. After careful review of the record, we affirm the dismissal of the petition.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ALAN E. GLENN, J., delivered the opinion of the court, in which DAVID G. HAYES and JOE G. RILEY, JJ., joined.

Elmer L. Fritts, Sr., Henning, Tennessee, Pro Se.

Paul G. Summers, Attorney General and Reporter, and Kim R. Helper, Assistant Attorney General, for the appellee, State of Tennessee.

**OPINION**

**BACKGROUND**

Petitioner was convicted in 1985 of three counts of aggravated rape, incest, carnal knowledge of a female under twelve years of age, and rape, for which he received an effective sentence of 170 years. His conviction and sentence were affirmed by this court on direct appeal with the exception of the rape conviction which was reversed and remanded for a new trial. State v. Elmer Lester Fritts, No.1067, 1987 WL 6089 (Tenn. Crim. App. Feb. 4, 1987).

In 1988, the petitioner filed for post-conviction relief alleging ineffective assistance of counsel. Specifically, the petitioner contended that his counsel had failed to (1) interview all relevant material witnesses; (2) call the appropriate and required witnesses in his behalf; (3)

appropriately cross-examine witnesses called on his behalf; and (4) compose a sound trial strategy in the defense of his cause. The post-conviction court found that the record contradicted the allegations and denied relief. Petitioner timely appealed the judgment as a matter of right. This court affirmed the ruling, and permission to appeal was denied by the Tennessee Supreme Court. See Elmer L. Fritts v. State, No.1258, 1990 WL 20798 (Tenn. Crim. App. Mar. 8, 1990), perm. to appeal denied (Tenn. May 14, 1990).

On February 12, 1992, in the Circuit Court of Lauderdale County, the petitioner filed his first *pro se* petition for writ of habeas corpus, alleging that his conviction was void based on violations of double jeopardy, the statute of limitations, due process, and equal protection of the law. Upon motion of the State, the trial court dismissed the petition for failure to state grounds upon which relief could be granted. On direct appeal, this court found that the judgments were facially valid and that a petitioner could not collaterally attack a facially valid conviction in a habeas corpus proceeding. Further review was denied by the Tennessee Supreme Court. See Elmer Lester Fritts v. State, No. 02C01-9210-CC-00243, 1993 WL 369347 (Tenn. Crim. App. Sept. 22, 1993), perm. to appeal denied (Tenn. Nov. 29, 1993).

In February 2001, the petitioner filed another *pro se* petition for writ of habeas corpus, his third, in the Circuit Court of Lauderdale County.[1] He contended that the convictions were void because the statute of limitations had expired on the offenses before he was charged, his counsel was ineffective, and the charges were untrue. The trial court summarily dismissed the petition pursuant to Tennessee Code Annotated Section 40-30-202(c). This direct appeal results from the trial court's dismissal.[2]

## ANALYSIS

Article I, Section 15 of the Tennessee Constitution guarantees the right to seek habeas corpus relief. Tennessee Code Annotated Sections 29-21-101 to -130 codify the applicable procedures for seeking a writ. While there is no statutory limit in which to file for habeas corpus relief, Tennessee law provides very narrow grounds upon which such relief may be granted. Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). A habeas corpus petition may be used only to contest void judgments which are facially invalid because (1) the convicting court was without jurisdiction or authority to

---

[1] The record indicates that the petitioner filed a second petition for writ of habeas corpus on July 6, 2000, in Knox County, alleging that the trial court did not have jurisdiction to try him, that the statute of limitations had run on the charges, and that he had ineffective assistance of counsel. The Knox County court dismissed the petition, which it also treated as a post-conviction petition, because the court found that the petitioner had not alleged grounds that would entitle him to habeas corpus relief, and Knox County, not being the county of incarceration, lacked jurisdiction to grant such relief.

[2] We cannot consider this as a petition for post-conviction relief because the statute of limitations has expired for his filing such a petition. State v. Masucci, 754 S.W.2d 90, 91 (Tenn. Crim. App. 1988). Additionally, as set out in this opinion, the petitioner has previously filed a petition for post-conviction relief, which was denied, and he is allowed only one such petition. See Tenn. Code Ann. § 40-30-202(c).

sentence a defendant; or (2) defendant's sentence has expired. Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993); Passarella v. State, 891 S.W.2d 619, 627-628 (Tenn. Crim. App. 1994).

To obtain habeas corpus relief, the petitioner must show by a preponderance of the evidence that his sentence is void and not merely voidable. See State v. Davenport, 980 S.W.2d 407, 409 (Tenn. Crim. App. 1998); Passarella, 891 S.W.2d at 627. Consequently, a petitioner cannot collaterally attack a facially valid judgment of the trial court in a petition for habeas corpus relief. Archer, 851 S.W.2d at 162.

Petitioner contended that he is being illegally detained because he was "arrested, charged, tried and convicted" for offenses that occurred outside the statute of limitations. The State responded that at the time of the crime, in 1971, "carnal knowledge of a child under twelve years" carried a sentenced of death or life imprisonment, and there was no statute of limitations applicable to offenses punishable by life imprisonment.[3] Tenn. Code Ann. § 39-3702 (repealed). Contrary to the petitioner's allegations, Tennessee Code Annotated Section 40-2-101(c) was enacted in 1990 and should not be confused with the statute applicable at the time of the crime. Since the offense was committed in 1971, Tennessee Code Annotated Section 39-3702 was properly applied to the petitioner. Therefore, we find no error in the trial court's decision.

Petitioner next raises the issue of ineffective assistance of counsel. This issue was fully heard and determined on the first post-conviction petition. Furthermore, it is not a proper subject for habeas corpus relief. Archer, 851 S.W.2d at 164 (citation omitted). Accordingly, this issue is without merit, as is the contention that the charges against the petitioner were untrue. Such a claim cannot be tested by a petition for writ of habeas corpus.

## CONCLUSION

After careful review, we find that the post-conviction court properly dismissed the petitioner's petition for failure to allege grounds upon which habeas corpus relief could be granted. Petitioner has failed to carry his burden of showing that the judgment was invalid on its face. Accordingly, we affirm the dismissal of the petition.

_____
ALAN E. GLENN, JUDGE

---

[3] The statute under which the petitioner was indicted was amended in 1974, and the punishment for conviction was reduced to ten years to life. Tenn. Code Ann. § 39-3705 (Supp. 1974). In 1978, the statute was repealed by Tennessee Code Annotated Sections 39-3701 to 39-3708 (Supp. 1978). Under today's law, the petitioner would have been charged with "rape of a child," and the statute of limitations is either four years or the date the child reaches the age of majority, whichever occurs later. Tenn. Code Ann. § 40-2-101(d) (1990). See State v. Gray, 917 S.W.2d 668, 669 n.1 (Tenn. 1996).